BUD SIMMONS v. THE TERRITORY OF OKLAHOMA.

(Filed July 16, 1902.)

1. RIOT—Number of Participants. By the provisions of the statutes of Oklahoma, three or more persons must act together in order to commit the crime of riot; a less number than three cannot commit such offense, but any one or more of those participating in the riot may be tried and convicted.

2. SAME—Judgment on Verdict. When three are indicted for riot and one is tried separately and found guilty, judgment upon the verdict must be given against him, unless error has occurred for which a new trial should be granted.

3. **SAME.** When one of three persons indicted for riot is tried separately, and convicted, he is concluded by the record in such case, and the subsequent acquittal of another of the joint defendants in a separate trial, will not entitle the one convicted to a new trial or a discharge.

4. **SAME.** When one of three persons indicted for riot, has been tried separately and convicted, he is concluded by the record in such case and the subsequent acquittal of another of the joint defendants in a separate trial, will not entitle the one convicted to a new trial or a discharge.

(Syllabus by the court)

*Error from the District Court of Payne County; before B. F. Burwell, Trial Judge.*

*J. M. Springer,* for plaintiff in error.

*J. C. Strang, Attorney General,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: The plaintiff in error, Bud Simmons, was convicted of the crime of riot in the district court of Payne county, and brings this proceeding to reverse said judgment.

The record presents but one question. At the September, 1900, term of the district court of Payne county, an indictment was returned against Alva Simmons, Bud Simmons and John Doe, containing two counts; in the first count they were charged with conjoint robbery, and the second count with the crime of riot while carrying firearms. The defendant, John Doe, was never apprehended; the two Simmonses were arrested, arraigned, and each entered a plea of not guilty. A severance was then demanded and allowed. Alva was first tried and found guilty of riot. The court set aside the verdict and granted him a new trial. At

the next term of court, the plaintiff in error, Bud Simmons, was tried and found guilty of riot. Subsequently Alva Simmons was tried a second time and acquitted upon both counts of the indictment. Bud Simmons then filed a motion to set aside the verdict against him, and supported the same by affidavit, showing the acquittal of his co-defendant, Alva Simmons. The court overruled this motion, and rendered judgment on the verdict.

Afterwards a motion for new trial was filed upon the ground of newly discovered evidence, but this presented nothing but the averment of the subsequent trial, and acquittal of Alva Simmons.

Oklahoma Statute, chap. 25, art. 37, defines riot as follows:

"Any use of force or violence, or any threat to use force or violence, if accompanied by immediate power of execution, by three or more persons acting together and without authority of law, is riot."

By the terms of this statute, three or more persons must act conjointly in order to constitute riot; less than three persons cannot commit the crime. The indictment charged three persons, viz: Alva Simmons, Bud Simmons and John Doe, with having committed the acts which constitute riot. It was not charged that any other persons acted together with them, hence it must follow that if one was guilty of riot, all were guilty. The contention now is that Alva Simmons, having had a separate trial and been acquitted, that *ex necessitate,* Bud Simmons cannot be guilty, and must be discharged.

A casual reading of the reported decisions and text books would seem to support this doctrine, but there is a

distinction between the cases cited by counsel for plaintiff in error and the case at bar. In *Turpin v. State,* 4 Blackf. (Ind.) 72, the joint defendants were tried jointly and not severally; they all had the same jury. On the trial the jury found one guilty of riot, and acquitted the others. This was clearly contrary to law, and having acquitted all but one, he was entitled to his discharge, as he could not be put upon his trial again for committing an offense that it required three to commit. In all the other cases cited, the defendants were tried together and by the same jury, and the rule is in such cases that no conviction can be had of any unless the minimum number necessary to commit the crime are found guilty. But in the case at bar, the same rule does not prevail. On the application of one of the defendants, a severance was ordered, and each of the two defendants who were then in custody were tried separately and by a different jury. Each took his chances with a jury of his own choosing, and was concluded by the result. When the jury found Alva Simmons not guilty the court was bound to discharge him; it had no discretion. The evidence may have been, and the presumption is, that it was insufficient to warrant his conviction, but another jury in the Bud Simmons case, with probably more evidence or different evidence, found that all three of the defendants were engaged in the riotous conduct, and hence that Bud Simmons was guilty. He was tried and convicted before Alva was acquitted; the court approved the verdict in this case, and rendered the judgment from which he appeals to this court. He must abide the decision of the jury in his own case, notwithstanding another jury were of a different opinion.

One elects to take his chances alone when he is tried separately, and must abide the result. This principle was

settled by the supreme court of Tennessee, as early as 1832, and is sound today. In the case of the *State v. Jesse Allison,* 3 Yerger, 428, Allison and three others were indicted for riot. Allison was tried separately and the jury found him guilty. On a subsequent day of the term, one of the other defendants was tried and acquitted. Judgment had not yet been pronounced against Allison. He moved in arrest of judgment, and the trial court arrested the judgment because of the subsequent acquittal of one of his co-defendants. The attorney general appealed the case, and the supreme court reversed the trial court, and in discussing the question, said:

"The jury trying Allison have said that he is guilty of a riot; and as to constitute a riot three must be guilty, this verdict must pronounce him guilty together with the two who were not tried, who were also guilty. It follows from what has been said that upon the return of the verdict of the jury in the case of Allison, it would have been perfectly competent for the court to have proceeded to judgment upon it. If this be so, how could the subsequent trial and acquittal of the other affect the case of Allison? He had chosen a separate trial, the jury of his own selection had said a riot had been committed, and that he was guilty. He must abide the decision of his own jury, notwithstanding another jury may have entertained a different opinion.

"Reasons in arrest of judgment must be found in the record itself. The court cannot look to extrinsic facts for these reasons. Now, although the three were charged in the same indictment, yet, whenever they plead, and are tried separately, the plea, verdict and judgment in relation to one, constitutes an entirely separate and distinct record from that of the other."

The principle here enunciated is applicable to the case at bar, and as the reasoning is sound, we see no reason why we should not follow that distinguished court. Such a rule

will better subserve the ends of justice than to have a guilty criminal discharged upon a technicality.

The judgment of the district court of Payne county is affirmed, at the costs of the plaintiff in error.

Burwell, J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.