## STATE v. J. PAUL MATHIES.

No. A-8493. July 21, 1933.
Motion to Modify Decree Denied Aug. 11, 1933.
(28 Pac. [2d] 594.)

Jas. L. Hale, Co. Atty., J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State,

Babb, Bennett & Babb, for defendant in error.

EDWARDS, P. J. The information was filed in the district court, in part alleging—

"* * * that * * * J. Paul Mathies * * * was a duly elected and qualified and acting county commissioner * * * and * * * then and there in his official capacity as such county commissioner at a regular meeting of the board of county commissioners * * * did willfully, unlawfully, intentionally, fraudulently and feloniously approve and allow a certain unlawful, fraudulent, and unauthorized claim against the said LeFlore county * * * said claim being against the road fund, for the sum of one hundred and three dollars ($103.40) and forty cents, and purporting to be for labor performed by one J. H. Bowman on the county highways of said LeFlore county, that said claim was, as the said J. Paul Mathies then and there well knew, unlawful, fraudulent, and unauthorized in this to wit: That said J. H. Bowman did not perform the work or labor charged for in said claim * * * contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state of Oklahoma."

A demurrer was filed, as follows:

"1st. That the information is not direct and certain in regard to the offense charged, in that the information does not state with directness and certainty whether the defendant is charged with approving and allowing a fraudulent claim, or whether he is charged with approving and allowing a claim not specifically authorized by law.

"2nd. That the information attempts to charge the defendant alone with the commission of an offense which

he could not commit alone, i. e., knowingly allowing a fraudulent and unauthorized claim.

"3rd. That the information is duplicitous in that it attempts to charge more than one offense."

The state contends the information properly charges a crime under the provisions of section 5968, Okla. Stat. 1931, which section is:

"Any member of the board of county commissioners, * * * knowingly, willfully and intentionally allowing any claims or entering into any contract on the part of such county* * * not specifically authorized by law, shall be deemed guilty of a felony and upon conviction shall be punished by imprisonment in the penitentiary for a term not to exceed five years, and the official bond of said officer shall in any event be liable for the amount or amounts of money so unlawfully expended or misappropriated."

Defendant's counsel argue that the facts pleaded do not constitute a crime as defined by section 5968; that this section refers only to "unauthorized" claims; that, since the county commissioners have full authority to allow claims against the highway or road fund, the particular claim pleaded was authorized by law; that the acts alleged make the claim pleaded a fraudulent claim as distinguished from an unauthorized claim; and that the liability of defendant is fixed by section 5964, Okla. Stat. 1931, which statute is:

"Every officer of any county, * * * who shall hereafter order or direct the payment of any money or transfer of any property belonging to such county * * * in settlement of any claim known to such officers to be fraudulent or void, or in pursuance of any unauthorized, unlawful or fraudulent contract or agreement made or attempted to be made for any such county, * * * by any officer thereof, and every person, having notice of the facts, with whom such unauthorized, unlawful or fraudulent contract shall

have been made, or to whom, or for whose benefit such money shall be paid or such transfer of property shall be made, shall be jointly and severally liable in damage to all innocent persons in any manner injured thereby, and shall be furthermore jointly and severally liable to the county * * * for double the amount of all such sums of money so paid, and double the value of property so transferred, as a penalty, to be recovered at the suit of the proper officers of such county * * * or of any resident taxpayer thereof, as hereinafter provided."

Defendant's counsel further argue that defendant cannot legally be charged with allowing an unauthorized or fraudulent claim, for the reason that a claim can be allowed only by the board of commissioners or a majority thereof, and one member cannot be guilty, and an information attempting to charge one alone is insufficient. The state argues that, where a member of a board of county commissioners willfully allows a claim against the county, knowing at the time that the claim is false and fraudulent, and where no legal authority for its payment exists, the member is guilty of a crime under section 5968, as charged; that is, that such a claim is never authorized by law.

A statute must be construed in accordance with the legislative intent. The legislative intent is to be ascertained from the language used, and the various provisions of a statute must be considered and construed in arriving at such intent. Section 5964, supra, is civil in its nature. It forbids officers having the control and disposition of the moneys of a county or other subdivision from ordering the payment of its moneys to a purpose not authorized by law. To protect the county or other subdivision, it provides that any such officer who shall violate the provisions of such section by ordering the payment of money for such illegal purpose shall be liable for double the

amount so paid, to be recovered by civil suit. This section does not define a crime nor provide a criminal punishment. Section 5968, above quoted, however, does define a crime by an officer having control of the disbursement of the funds of the county or other subdivision in the ordering or allowing the payment for a known illegal purpose and fixes a punishment. A charge against the county, based on false and fraudulent claim for services, is never authorized by law, and a county commissioner who shall knowingly allow such a claim, knowing it is false and fraudulent, is guilty of allowing an unauthorized claim. While the two sections in part cover the same class of acts, they do not do so in their entirety and are not in conflict. The information, while not a model in form, yet is sufficiently definite in its allegations to apprise defendant of the particular offense intended to be charged and what he must be prepared to meet, and so defines and identifies the offense that accused, if convicted or acquitted, would be able to defend himself in case he should be again charged with the same offense.

There is no merit in the claim that one member of a board of county commissioners may not alone commit the offense defined by section 5968, supra. The information as above quoted alleges in substance that defendant was acting in his official capacity with the other members of the board at a regular meeting. It is true that a claim cannot be allowed by a single member but must be approved by a majority of the board of commissioners. It is not essential, however, that all the members of the board of commissioners, if guilty, be charged together. While, as stated, a majority of the board is necessary to allow a claim, yet it does not follow that all the members of the board voting to allow a fraudulent claim would be guilty of a crime, for one member may have knowledge of the

false and fraudulent character of the claim and another member may be without any such knowledge, and act in good faith. Even in cases of riot, where the crime can be committed only by three or more persons acting to-gether (section 2534, Okla. Stat. 1931), where one of three charged is tried separately, a conviction or acquittal of one will not affect the right of the state to try any other of the participants. Simmons v. Territory, 11 Okla. 574, 69 Pac. 787.

The demurrer was improperly sustained on any count.

The case is reversed and remanded, with instructions to the lower court to set aside its order sustaining the demurrer, to overrule the demurrer, and for further proceedings in conformity with this opinion.

DAVENPORT and CHAPPELL, JJ., concur.