PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 3/26/96**            TENTH CIRCUIT

---

UNITED STATES OF AMERICA, )
)
     Plaintiff-Appellee, )
)
v. )     No. 95-2138
)
PAULA DENOGEAN, )
)
     Defendant-Appellant. )
)

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. 92-486-06 JC)

---

Charles L. Barth, Assistant United States Attorney (John J. Kelly, United States Attorney, with him on the brief), Albuquerque, New Mexico, for Plaintiff-Appellee.

Jacquelyn Robins, Albuquerque, New Mexico, for Defendant-Appellant.

---

Before BALDOCK, McWILLIAMS, and BRORBY, Circuit Judges.

---

BALDOCK, Circuit Judge.

---

     Defendant-Appellant Paula Denogean challenges her conviction and sentence following her plea of guilty to conspiring to possess with intent to distribute marijuana. Specifically, Defendant maintains for the first time that the government violated her Fifth Amendment

guarantee against double jeopardy by bringing criminal proceedings against her after forfeiting her property in a parallel civil forfeiture action. Defendant also contends the district court erred in finding she was an "organizer, leader, manager, or supervisor in any criminal activity," U.S.S.G. §3B1.1(a) (hereinafter "supervisor in a criminal activity"). We conclude that Defendant has waived her double jeopardy argument, and that we have no jurisdiction to review her sentencing attack.

## I. Background

Gabriel Rodriquez-Aguirre managed an immense, interstate, family business--the business of marijuana and cocaine distribution and money laundering. Between 1984 and 1992 the Aguirre family organization sold in excess of 20,000 pounds of marijuana and over 20,000 pounds of cocaine to narcotics traffickers in New Mexico, Arizona, Utah, Kansas, Massachusetts, and elsewhere throughout the United States. When profits began coming in hand over fist, the organization branched out into laundering, using drug proceeds to purchase real property and other assets. Defendant aided the organization's efforts by serving as a contact person for drug couriers in the organization. Defendant relayed messages from marijuana buyers to organization members, relayed messages from transporters to Gabriel Rodriquez-Aguirre, accompanied one of the transporters when he moved money received from drug sales, and distributed funds to an employee of the organization.

On October 19, 1992, the government instituted a civil forfeiture action in the United States District Court for the District of New Mexico, naming Defendant and others as claimants of certain real and personal property. United States v. Fifty One Items of Real Property, No. CIV 92-1155JC (D. N.M.). Defendant did not contest the civil forfeiture action by filing a claim. The

2

district court ultimately entered a default judgment.

On October 20, 1992, the government filed a twenty-three count indictment against Defendant and twenty-one co-defendants. The indictment alleged, <u>inter alia</u>, that Defendant and her co-defendants engaged in a conspiracy to distribute and possess marijuana and money laundering. Defendant pleaded not guilty and proceeded to trial. At trial, however, the jury could not reach a verdict on the counts against Defendant and the court declared a mistrial.

In August 1994, the government filed a superseding indictment against Defendant and nine remaining co-defendants. The superseding indictment charged Defendant with conspiring to distribute more than 1,000 kilograms of marijuana and more than five kilograms of cocaine, conspiring to possess more than 1,000 kilograms of marijuana and more than five kilograms of cocaine, and conspiring to import more than 1,000 kilograms of cocaine and money laundering, in violation of 21 U.S.C. §§ 841, 846, and 18 U.S.C. §§1956. At trial on the superseding indictment, Defendant became ill, and the court entered an order severing her from her co-defendants.

In March 1995, Defendant pled guilty to an information charging her with conspiracy to possess more than 100 kilograms of marijuana with intent to distribute, 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846. Pursuant to Fed. R. Crim. P. 11(e)(1)(C), the parties agreed that a seven-year sentence was appropriate. <u>See</u> Fed. R. Crim. P. 11(e)(1)(C) (parties may "engage in discussions with a view toward reaching an agreement" whereby the government agrees "that a specific sentence is the appropriate disposition of the case"). Defendant expressly agreed to waive certain rights under the plea agreement, but not her Fifth Amendment guarantee against double jeopardy. At no time, however, did Defendant raise a double jeopardy challenge to the criminal

proceedings prior to the court's acceptance of her plea.

The United States Probation Office prepared a presentence report ("PSR"). The PSR determined Defendant should receive a two-level increase to her base offense level because Defendant directed activities of drug couriers and thereby constituted a supervisor in a criminal activity, U.S.S.G. § 3B1.1(a) . Under an adjusted offense level of 35 and criminal history category I, the PSR determined Defendant's guideline imprisonment range was 168 to 210 months imprisonment. The PSR noted, however, that the parties had stipulated that a seven-year term of imprisonment was appropriate. Defendant objected to the PSR's determination that she constituted a supervisor in a criminal activity.

In response to Defendant's objection that she was not a supervisor in a criminal activity, the court observed at sentencing:

> Well, she's kind of second-tier, right below Gabe Aguirre. I'd certainly find her to be a supervisor. She handed out the money. You know, she was right there doing everything, and she was a heck of a lot more than a mule.
> . . .
> The defendant's role was that of contact person for drug couriers in the Gabriel Aguirre organization. And the defendant was involved in the laundering of monies for the organization obtained from the distribution of illegal drugs.

The court adopted the findings of the presentence report, accepted the parties' Fed. R. Crim. P. 11(e)(1)(C) plea agreement, and sentenced Defendant to the agreed seven-year term of imprisonment. This appeal followed.

## II. Double Jeopardy Contention

On appeal, Defendant asserts for the first time that the government violated her Fifth Amendment guarantee against double jeopardy by bringing criminal proceedings against her after forfeiting her property in a parallel civil forfeiture action. The government responds that

4

Defendant waived her double jeopardy argument by: (1) failing to raise it below, and (2) voluntarily pleading guilty. We agree with the government that Defendant waived her double jeopardy argument by failing to raise it below. We therefore do not consider the government's alternative waiver argument.

We decide whether to exercise our discretion to consider an argument raised for the first time on appeal on a case-by-case basis. Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 721 (10th Cir. 1993) (citing Singleton v. Wulff, 428 U.S. 106, 121 (1976)). The general rule is that we do not consider arguments raised for the first time on appeal. Hicks v. Gates Rubber Co., 928 F.2d 966, 970 (10th Cir. 1991). "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Fed. R. Crim. P. 52(b). The plain error exception, however, "is to be 'used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result.'" United States v. Young, 470 U.S. 1, 15 (1985) (quoting United States v. Frady, 456 U.S. 152, 163 n.14 (1982)). Under Rule 52(b), "[t]here must be an 'error' that is 'plain' and that 'affect[s] substantial rights.'" United States v. Olano, 113 S. Ct. 1770, 1776 (1993) (quoting Young, 470 U.S. at 15)).

In the instant case we hold that Defendant has waived her double jeopardy argument by failing to raise it below. Moreover, no miscarriage of justice will result because, under our precedent, Defendant can demonstrate no error, and hence, no plain error. We recently joined the Third, Fifth, and Seventh Circuits in holding that when a defendant fails to judicially contest a civil forfeiture action by filing a claim, she is not subject to "former" jeopardy in the forfeiture action, and therefore, by definition, the government's subsequent prosecution of the defendant does not constitute double jeopardy. United States v. German, 76 F.3d 315, 319-20 (10th Cir.

5

1996); United States v. Baird, 63 F.3d 1213, 1219 (3d Cir. 1995), cert. denied, 116 S. Ct. 909 (1996); United States v. Arreola-Ramos, 60 F.3d 188, 192-93 (5th Cir. 1995); United States v. Torres, 28 F.3d 1463, 1465 (7th Cir.), cert. denied, 115 S. Ct. 669 (1994). As Judge Easterbrook explained in Torres, "You can't have double jeopardy without a former jeopardy. As a non-party, Torres was not at risk in the forfeiture proceeding, and '[w]ithout risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy.'" Id. (quoting Serfass v. United States, 420 U.S. 377, 389 (1975)). Thus, under the law of this circuit, which we apply to pending appeals, Griffith v. Kentucky, 479 U.S. 314, 328 (1987), a defendant's failure to judicially contest a civil forfeiture action is fatal to her double jeopardy challenge to a subsequent criminal proceeding. Accordingly, because Defendant did not judicially contest the government's civil forfeiture action, Defendant's double jeopardy claim fails. There is consequently no error, and hence no plain error under Rule 52(b). We hold Defendant has waived her double jeopardy argument.[1]

### III. Sentencing Attack

Defendant next argues that the district court erred by finding that she was a supervisor in a criminal activity. U.S.S.G. § 3B1.1(c). The government responds that 18 U.S.C. § 3742(c) precludes our review of Defendant's appeal of her sentence in the instant case. In reply, Defendant maintains that we can review her sentence appeal under §§ 3742(a)(1), and (2)

---

[1] Defendant asserts that her previous counsel was ineffective for failing to file a claim on her behalf in the civil forfeiture action and for failure to file a motion to dismiss on double jeopardy grounds. We dismiss this claim without prejudice to allow Defendant to pursue relief pursuant to 28 U.S.C. § 2255. See United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (ineffective assistance of counsel claims should be brought in collateral proceedings).

because the district court's finding that she was a supervisor in a criminal activity will entail "collateral consequences"--i.e., the Bureau of Prisons will classify Defendant as a higher security risk and exclude her from minimum security institutions. We agree with the government.

Appeals of right from a criminal sentence are governed by 18 U.S.C. § 3742. Section 3742(a) explains that a defendant may appeal her sentence if the sentence:

> (1) *was imposed in violation of law*;
> (2) *was imposed as a result of an incorrect application of the sentencing guidelines*; or
> (3) is greater than the sentence specified in the applicable guideline range . . .; or
> (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a) (emphasis added). The government maintains, however, that § 3742(c) limits a defendant's right to appeal her sentence in cases involving a plea agreement that includes a specific sentence under Fed. R. Crim. P. 11(e)(1)(C). We agree. Section 3742(c) provides:

> In the case of a plea agreement that includes a specific sentence under rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure--
>
> > (1) a defendant may not file a notice of appeal under paragraph (3) or (4) of subsection (a) unless the sentence imposed is greater than the sentence set forth in such agreement.

Reading these provisions together, in a case involving a plea agreement with a specific sentence under Fed. R. Crim. P. 11(e)(1)(C), a defendant can appeal her sentence only if the sentence: (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the guidelines; or (3) is greater than the sentence set forth in the plea agreement. 18 U.S.C. §§ 3742(a), (c).

Applying these provisions, Defendant does not argue that her sentence is greater than the sentence the parties agreed upon in the plea agreement. She could not. The court imposed the

sentence the parties agreed upon--seven years.  Instead, Defendant argues that we may review her

sentence under § 3742(a)(1), or (2) because the district court's allegedly incorrect factual finding

will have collateral consequences.  She cites two Ninth Circuit cases--United States v.

Montenegro-Rojo, 908 F.2d 425 (9th Cir. 1990), and United States v. Mares-Molina, 913 F.2d

770 (9th Cir. 1990).  Montenegro-Rojo and Mares-Molina, are inapposite, however.  Both cases

addressed mootness, not the appeal of a sentence under §§ 3742(a), (c).  Specifically, the Ninth

Circuit held that the defendants' appeals were not moot, even though they had served their terms

of imprisonment, because their sentences might have "collateral consequences" in the future.

Montenegro-Rojo, 908 F.2d at 431 n.8; Mares-Molina, 913 F.2d at 773 n.3.  The Ninth Circuit's

reference to "collateral consequences," however, did not involve sentence appeals under

§§ 3742(a), (c).

Contrary to Defendant's argument, §§ 3742(a), (c) does not establish an avenue for a

defendant to appeal findings of a district court that allegedly entail "collateral consequences."

We have found no case reading such an exception into the statute, and we decline to do so.

Moreover, §§ 3742(a)(1), and (2) do not otherwise authorize this appeal because Defendant's

sentence was not imposed in violation of law or as a result of an incorrect application of the

guidelines.[2]  Consequently, we do not have jurisdiction to review Defendant's contention that the

---

[2] Section 3742(a)(2) provides Defendant the nearest avenue of appeal.  Defendant fails, however, to allege that the court's finding that she was a supervisor in a criminal activity had any effect at all on the imposition of her seven-year sentence.  Indeed, the court imposed the seven-year sentence pursuant to the parties' agreement, without reference to any enhancement under the guidelines.  Instead, Defendant maintains that the court's finding will affect her placement by the Bureau of Prisons.  We decline, however, to read into the statute an avenue for appeals challenging post-sentence placement by the Bureau of Prisons.  The statute is clear; Congress intended "to provide only 'a limited practice of appellate review of sentences'" in specific enumerated categories in § 3742.  United States v. Colon, 884 F.2d 1550, 1553 (2d Cir. 1989)

district court erred by finding she was a supervisor in a criminal activity.

We AFFIRM Defendant's conviction and DISMISS the sentencing portion of Defendant's appeal for lack of jurisdiction.

---

(quoting S. Rep. No. 225, 98th Cong., 2nd. Sess. 149 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3332)). Under the terms of § 3742(a)(2), we must ask whether Defendant's sentence was imposed as a result of an incorrect application of the guidelines. Defendant has not made that argument; we will not make it for her. Here, the sentence imposed would have been the same regardless--i.e., seven years. Because the court's finding does not affect the imposition of Defendant's sentence, § 3742(a)(2) does not provide her an appellate avenue.