**UNITED STATES COURT OF APPEALS**
**Filed 12/11/96**
**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RICHARD ANTHONY RILEY,

    Defendant - Appellant.

No. 95-6398
(D.C. No. CR-94-174-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL**, and **HENRY**, Circuit Judges.[**]

On February 9, 1995, Appellant Richard Anthony Riley ("Riley") was

indicted on three counts in the Western District of Oklahoma: Conspiracy to

Manufacture Methamphetamine, Distribution of Ephedrine to Manufacture

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

.

Methamphetamine, and Distribution of Ephedrine, Knowing or Having Reasonable Cause to Believe that Ephedrine would be Used to Manufacture Methamphetamine. On June 12, 1995, Riley entered into a plea agreement with the government whereby Riley agreed to plead guilty in exchange for the government's agreement to dismiss count one and to refrain from recommending what sentence should be imposed for the remaining counts. On October 24, 1995, Riley was sentenced to custody for a total of 198 months: 120 months on Count Two and 78 months on Count Three to run consecutively.

On appeal, Riley requests that we allow him to withdraw his guilty plea on the grounds that Riley's counsel and the district court should have inquired into whether the physical evidence against him was destroyed in the Murrah Federal Building bombing in Oklahoma City, Oklahoma.[1] Specifically, Riley contends that he was denied his constitutional right to effective counsel and that the evidence against him was insufficient. Riley's counsel has determined that Riley's appeal is wholly frivolous. Accordingly, counsel has filed both a motion to withdraw as attorney of record and a corresponding Anders brief outlining Riley's argument. See Anders v. California, 386 U.S. 738 (1967).[2]

---

[1] Riley proceeds *in forma pauperis* under the former 28 U.S.C. § 1915(a)(1994) (amended April 26, 1996). The district court granted IFP status on April 9, 1996.

[2] We appreciate the candor of Francis Courbois, Esq. in filing an Anders
(continued...)

Pursuant to <u>Anders</u>, we have provided Riley with a copy of counsel's <u>Anders</u> brief and allowed him time "to raise any points that he chooses." <u>Anders</u>, 386 U.S. at 744. Riley has raised three arguments not raised in the <u>Anders</u> brief. First, Riley contends that his 198 month criminal sentence placed him in double jeopardy because he had earlier suffered civil penalties when the DEA seized some of his property pursuant to the drug forfeiture laws. Second, Riley argues that the sentencing court erred in not considering his neurobiological disorder, Attention Deficit Hyperactivity Disorder (ADHD). Finally, Riley argues that the consecutive sentences imposed upon him for two overt acts of the conspiracy violates the premise of the United States Sentencing Guideline, § 5G1.2(d).

<u>Anders</u> provides that if we find Riley's appeal wholly frivolous, we should grant counsel's request to withdraw and proceed to a decision on the merits. Only "if [we] find any of the legal points arguable on their merits (and therefore not frivolous) [must we], prior to decision, afford the indigent the assistance of counsel to argue the appeal." <u>Anders</u>, 386 U.S. at 744.

Upon review of Riley's arguments, we find the appeal wholly frivolous. Accordingly, we grant counsel's request to withdraw as attorney of record, and we affirm Riley's conviction.

---

[2](...continued)
brief in this appeal. As is reflected in our order and judgment, we concur in his judgment as to the lack of merit in this appeal.

**DISCUSSION**

**A.    Sufficiency of Evidence Claim**

Riley claims that the government lacked sufficient evidence to convict him on drug distribution charges because evidence was destroyed in the Murrah Federal Building bombing in Oklahoma City, Oklahoma.  This argument is without merit because the sufficiency of the evidence is not reviewed after a guilty plea.  A defendant who voluntarily and intelligently pleads guilty waives all non-jurisdictional challenges to his conviction, United States v. Gaines, 964 F.2d 972, 977 (10th Cir. 1992), cert. denied, 506 U.S. 1069 (1993) including challenges based on the grounds of insufficiency of the evidence. See United States v. Broce, 488 U.S. 563, 577 (1989).

**B.    Ineffective Assistance of Counsel Claim**

Riley claims he was provided ineffective assistance because counsel did not tell him that the government's evidence was destroyed in the Murrah Federal Building bombing in Oklahoma City, Oklahoma.  This claim is without merit because there is no evidence that any physical evidence supporting Riley's conviction was destroyed in that bombing.

Riley's counsel inquired into whether any evidence was destroyed in the Murrah Federal Building bombing and the government responded by presenting the physical evidence for counsel's personal observation.  Counsel took

- 4 -

reasonable steps in determining whether any evidence had been destroyed; that is, counsel's conduct did not fall below an objective standard of reasonableness given prevailing norms. Strickland v. Washington, 466 U.S. 668, 688 (1984). Moreover, Riley cannot show that he suffered prejudice from any counsel misconduct because there was sufficient evidence not held in the Murrah Federal Building to ensure Riley's conviction. See id., at 686.

**C.    Double Jeopardy Claim**

Riley's claim that his conviction placed him in double jeopardy because he had already suffered punishment through a civil forfeiture proceeding is without merit. Riley failed to object to the civil forfeiture proceedings below, and when a defendant "fails to judicially contest a civil forfeiture action by filing a claim, she is not subject to 'former' jeopardy in the forfeiture action, and therefore, by definition, the government's subsequent prosecution of the defendant does not constitute double jeopardy." U.S. v. Denogean, 79 F.3d 1010, 1013 (10th Cir.), cert. denied, 117 S. Ct. 154 (1996).

**D.    Failure to Consider ADHD Claim**

A sentencing court's application of the sentencing guidelines to a particular set of facts is reviewed under the clearly erroneous standard of review. United States v. Torres, 53 F.3d 1129, 1142 n. 13 (10th Cir.), cert. denied, 115 S. Ct.

2599 (1995). The district court's decision to ignore Riley's disorder was not clear error.[3]

Riley failed to raise his ADHD claim before sentencing, and it was not clear error for the district court to refrain from raising the issue *sua sponte* when the court's only notice of the disorder was evidence that the defendant took certain medications. Moreover, there is no indication that ADHD is the kind of disorder that permits downward departures. Ordinarily, only disorders that diminish mental capacity support a downward departure. See United States v. Webb, 49 F.3d 636, 639 (10th Cir.), cert. denied, 116 S. Ct. 121 (1995).

### E.    Inappropriate Consecutive Sentencing Claim

U.S.S.G. § 5G1.2(d) (1988) provides:

If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects sentences on all counts shall run concurrently, except to the extent otherwise required by law.

"Total punishment" is defined as that "determined by the adjusted combined offense level." U.S.S.G. § 5G1.2(d).

---

[3] In his brief, Riley asks us to consider medical records presented for the first time on appeal. We deny Riley's motion to expand the record and refuse to consider evidence not presented to the district court. See Fed. R. App. P. 10(a).

The district court determined that Riley's adjusted combined offense level allowed for a range of 168 to 210 months. The statutory maximum for Riley's conviction on count two, Distribution of Ephedrine to Manufacture Methamphetamine, is 120 months. After the district court sentenced Riley to 120 months for Count Two, the court sentenced Riley to 78 months for his conviction on Count Three, to be served consecutively, in order to produce a combined sentence of 198 months.

Riley contends that once the court sentenced him to the statutory maximum for Count Two, the court was required to issue his sentence for Count Three to be served concurrently. The plain language of U.S.S.G. § 5G1.2(d) rejects this argument and allows consecutive terms so long as the "total punishment" as determined by the adjusted combined offense level is not exceeded. United States v. Nelson, 54 F.3d 1540, 1547 (10th Cir. 1995). Riley's "total punishment" allowed for a sentence of 210 months, and the district court sentenced him to 198 months. Thus, the district court properly applied the Guidelines, and no error was committed. Id.

## CONCLUSION

For the reasons stated above, we AFFIRM Riley's conviction below. Moreover, we GRANT counsel's request to withdraw on the grounds that appellant's appeal is without merit.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge