**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 18 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARK BRADLEY KLINGINSMITH,

Defendant-Appellant.

No. 96-3235
(D.C. No. 96-3362-RDR)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR,** Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Mark Bradley Klinginsmith appeals pro se from an order denying a motion to modify his sentence under 18 U.S.C. § 3582(c)(2). We have reviewed the appellant's brief and the record and conclude the district court did not err.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Klinginsmith was convicted of conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana. Based in part upon a finding the marijuana weighed more than eighty kilograms, he was sentenced to a term of 78 months. He appealed his conviction to this court, in part contending the district court had erred in its finding on the weight of the illegal substance. We held the finding was supported by the record and affirmed the conviction. *United States v. Klinginsmith,* 25 F.3d 1507, 1511 (10th Cir. 1994).

Subsequently, through counsel, defendant sought the reduction of his sentence claiming Amendment 518 to the United States Sentencing Guidelines (U.S.S.G. Appendix C, p.421) required a two-level reduction of his offense level. In a thorough, written order, the district court rejected the defendant's claim. We agree with the conclusion reached by the court.

Two reasons for doing so are prevalent. First, defendant has failed to show he meets the test for application of Amendment 518. That test requires evidence the marijuana he possessed had a "moisture content that renders the marihuana [sic] unsuitable for consumption without drying." The district court found defendant made no claim the substance was not suitable for consumption, but only that it had lost moisture content continuously from the time of seizure until the time of sentencing when it weighed below eighty kilograms. That, determined the court, was insufficient to invoke a reduction under the amended application note to guideline § 2D1.1. Second, the court

held Amendment 518 was not among those made retroactive by U.S.S.G. § 1B1.10(c). For these reasons, the district court concluded Mr. Klinginsmith was not entitled to relief under § 3582(c)(2). We agree.

In his brief, Mr. Klinginsmith attempts to avoid the district court's logic by seemingly asserting the moisture in the marijuana was the functional equivalent of "packaging" because "no one can smoke moisture." The argument is inventive, but it has nothing to do with the issues presented to the district court and certainly is not within the scope of the guideline under which defendant was sentenced. For sentencing purposes, the moisture content of marijuana is included in the weight of the substance unless the moisture is the result of the addition of moisture from some source outside the substance itself. *See* U.S.S.G. § 2D1.1, app. note 1. Defendant has also raised other issues not presented to the district court; therefore, they are not subject to appeal. ***United States v. Denogean***, 79 F.3d 1010, 1012 (10th Cir. 1996).

The motion for leave to appeal without payment of fees is **GRANTED**. The judgment of the district court is **AFFIRMED**.

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge

- 3 -