LLOYD DEAN HARJO,

     Petitioner - Appellant,

v.

STEPHEN W. KAISER, Warden, (sued as Stephen Kaiser); ATTORNEY GENERAL OF THE STATE OF OKLAHOMA,

     Respondents - Appellees.

No. 98-5096
(D.C. No. 96-CV-1012-BU)
(Northern District of Oklahoma)

**ORDER**
Filed **February 9, 1999**

Before **ANDERSON**, **McKAY** and **LUCERO**, Circuit Judges.

This matter is before the court on petitioner Lloyd Dean Harjo's Petition for Rehearing. The petition is denied. Mr. Harjo correctly maintains, however, that the order and judgment of October 6, 1998, did not fully address the issues raised in his appeal. The accompanying amended order and judgment addresses the concerns that Mr. Harjo raises in his Petition for Rehearing.

The mandate issued on October 6, 1998 is hereby withdrawn. The order and judgment filed that same date is withdrawn and reissued. A copy of the

amended order and judgment is attached.  The mandate shall reissue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

F I L E D
United States Court of Appeals
Tenth Circuit

FEB 9 1999

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

LLOYD DEAN HARJO,

     Petitioner - Appellant,

v.

STEPHEN W. KAISER, Warden,
(sued as Stephen Kaiser); ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

     Respondents - Appellees.

No. 98-5096
(D.C. No. 96-CV-1012-BU)
(Northern District of Oklahoma)

ORDER AND JUDGMENT[*]

Before **ANDERSON**, **McKAY** and **LUCERO**, Circuit Judges.

In this action pro se petitioner Lloyd Dean Harjo appeals the district court's

order of May 19, 1998, denying his motion to alter or amend an April 29, 1998,

denial of habeas relief. Petitioner sought a writ of habeas corpus, pursuant to 28

---

[*] The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

U.S.C. § 2254, with respect to his 1990 convictions for assault and battery of a police officer, riot, and malicious injury to an automobile.

As best we can discern, petitioner asserts on appeal the claims set forth below. Petitioner argues that the district court erred when it denied him an opportunity to amend his habeas petition to allege ineffectiveness of trial counsel, improperly rejected his proposed ineffective assistance claim on the merits, and wrongly found that failure to consider this claim would not result in a fundamental miscarriage of justice. Petitioner also contends that he was improperly convicted of and sentenced for "riot," and that the district court erroneously rejected the argument that his trial and appellate counsel provided ineffective assistance by failing to challenge instructions concerning the presumption of innocence and the state's burden of proof. He claims that the district court failed to conduct a de novo review of the magistrate's recommendation and erroneously found that further state court litigation of his unexhausted claims would have been futile. He further argues that the district court erred in finding that no constitutional violation resulted from the state trial court's decision overruling the magistrate's dismissal of the charge of assault and battery against a police officer at the preliminary hearing. Finally, petitioner argues that the district court wrongly found that the trial court did not err in instructing the jury concerning prior convictions and in failing to grant his motion

for mistrial.[1]  Upon review of the pleadings and the record in this case, we affirm the district court's denial of habeas relief.

The district court did not err when it denied petitioner's motion to amend his habeas petition.  Fed. R. Civ. P. 15(a) permits amendment of pleadings with leave of the court and provides that "leave shall be freely given when justice so requires."  We review a district court's denial of leave to amend for abuse of discretion.  See Walters v. Monarch Life Ins. Co., 57 F.3d 899, 903 (10th Cir. 1995).

The district court denied, as untimely, petitioner's motion to amend his petition to include a claim of ineffective assistance of trial counsel.  That decision was not an abuse of discretion, nor did it produce a fundamental miscarriage of justice.  Petitioner sought to amend his petition after the magistrate judge had already thoroughly reviewed the record and issued a twenty-nine page recommendation on the merits.  At that stage in the litigation, the district court appropriately denied petitioner's motion.

The district court also denied petitioner's motion to amend on the ground that inclusion of petitioner's proposed amendment would have been futile.  Petitioner sought to argue that his trial counsel rendered constitutionally

---

[1]  Petitioner does not argue on appeal that his sentence is excessive, and so we do not consider that issue here.

ineffective assistance because trial counsel failed to impeach the credibility of Officer Panke, who, petitioner asserts, offered inconsistent testimony regarding the identity of his assailant. Petitioner contends that but for trial counsel's failure to impeach Panke, the jury might not have convicted petitioner of assault. This, petitioner contends, satisfies the test for establishing ineffective assistance of counsel set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984).

A review of the record, however, reveals that at both the preliminary hearing and the trial, Panke consistently identified petitioner as one of his assailants. Accordingly, there is no reasonable probability that had petitioner's attorney questioned Panke about his prior testimony, the jury would have found petitioner innocent of the assault charge. Petitioner therefore does not satisfy the requirements of Strickland, 466 U.S. at 687-88 (holding that in order to prove ineffective assistance of counsel, a defendant must establish that counsel's performance was deficient and that the deficient performance prejudiced the defense).

We also reject petitioner's argument that he is entitled to habeas relief because he was improperly convicted of and sentenced for "riot." Oklahoma law defines riot as "[a]ny use of force or violence, or any threat to use force or violence if accompanied by immediate power of execution, by three or more persons acting together and without authority of law." See Okla Stat. Ann. tit. 21,

§ 1311 (1993). Petitioner and his three co-defendants, based on their conduct together and with "other persons unknown," were charged by information with riot. Trial Tr. at 132. Petitioner argues that because the prosecution did not secure guilty verdicts against three of the four jointly tried defendants—one was acquitted and one received a mistrial—it did not prove every element of the crime, and petitioner's conviction is improper under Simmons v. Territory, 69 P. 787 (Okla. 1902). While the Simmons court notes that "no conviction can be had" of jointly tried defendants "unless the minimum number necessary to commit the crime are found guilty," id. at 788, that language does not require invalidation of petitioner's conviction. Petitioner's jury heard evidence that large numbers of people participated in this riot. Here, as in Simmons, not all of the participants were jointly tried. Petitioner's jury could reasonably have concluded that three or more people engaged in riotous conduct but that only two of the jointly tried co-defendants did so. Accordingly, petitioner's conviction is consistent with Simmons and need not be invalidated.

Furthermore, petitioner failed to exhaust his state court remedies with respect to his riot claim. See Miranda v. Cooper, 967 F.2d 392, 397 (10th Cir. 1992) (stating that exhaustion of state remedies is a prerequisite to raising a federal constitutional claim under 28 U.S.C. § 2254). Petitioner's claim that he is entitled to habeas relief because he was improperly convicted of riot is not

properly before this court. See Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991) (noting that if a petitioner fails to exhaust state remedies and the court to which the petitioner would have presented the claims would now find them procedurally barred, there is a procedural default for habeas purposes). Petitioner has made no showing of either cause and prejudice or a fundamental miscarriage of justice to overcome his procedural default. See Coleman, 501 U.S. at 750.

Petitioner's riot claim must also fail because he raises it for the first time on appeal. The rule in this circuit is that in deciding whether to grant petitions for habeas relief, we will generally not address issues that parties fail to present to the district court and raise for the first time on appeal. See United States v. Denogean, 79 F.3d 1010, 1012-13 (10th Cir. 1996). Having reviewed the record in this case, we conclude that no miscarriage of justice would result from our ruling that petitioner waived his riot claim by failing to raise it before the district court. See id.

Nor is petitioner entitled to habeas relief on the ground that the trial court lacked jurisdiction to sentence him for riot. Petitioner seems to argue that because the prosecution did not prove all of the elements of riot under Oklahoma law, the jury improperly convicted him, and the court therefore lacked jurisdiction to impose a sentence. We have already ruled that petitioner was properly

convicted of riot under Oklahoma law. Therefore, his jurisdictional argument lacks merit.[2]

We also reject the argument that petitioner's trial and appellate counsel rendered ineffective assistance by failing to challenge instructions on the presumption of innocence and the state's burden of proof on direct appeal. There is no indication that petitioner's counsel performed below the level expected of a reasonably competent attorney in a criminal case. See Strickland, 466 U.S. at 687-88.

We further reject the argument that petitioner is entitled to relief because the district court erroneously failed to make a de novo determination of those portions of the magistrate's report to which petitioner objected. Petitioner presents no evidence or argument to rebut the district court's assertion that it undertook a de novo review of the issues.

---

[2] Moreover, the information adequately informed petitioner of the charges against him and creates no jurisdictional problem. See Parker v. State, 917 P.2d 980, 984-85 (Okla. Crim. App. 1996).

Finally, we reject petitioner's remaining arguments for substantially the same reasons adopted by the district court. Petitioner's request for a certificate of appealability is **DENIED**. This matter is **DISMISSED**. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge