FILED
United States Court of Appeals
Tenth Circuit

July 13, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

CHRISTIAN OMAR CORTES-
REGALADO,

      Defendant - Appellant.

No. 10-4217

(D. Utah)
(D.C. No. 1:09-CR-00102-DAK-BCW-3)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Christian Omar Cortes-Regalado pled guilty to possession with intent to distribute

methamphetamine in violation of 21 U.S.C. § 841(a)(1).  He was sentenced to 96 months

imprisonment.  Finding no issues warranting an appeal, his counsel submitted an

---

[*] The parties have waived oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R.
34.1(G).  This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A).  Citation to unpublished decisions is not prohibited.  Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value.  10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished).  *Id.*

*Anders*[1] brief and motion for leave to withdraw as counsel. Counsel provided Cortes-Regalado with copies of both documents and the Clerk of this Court informed Cortes-Regalado he could respond within thirty days, raising any arguments neglected by counsel. *See* 10th Cir. R. 46.4(B)(2). He did not file a response. Because we agree with counsel that there are no meritorious issues, we grant the motion to withdraw and dismiss the appeal.[2]

---

[1] *Anders v. California*, 386 U.S. 738, 744 (1967) ("[I]f counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.").

[2] Our jurisdiction derives from 18 U.S.C. § 3742(a), which permits appeals from a sentence: (1) "imposed in violation of law"; (2) "imposed as a result of an incorrect application of the sentencing guidelines"; (3) "greater than the sentence specified in the applicable guideline range"; or (4) "imposed for an offense for which there is no sentencing guideline and is plainly unreasonable" and from 28 U.S.C. § 1291, which permits "appeals from all final decisions of the district courts of the United States . . . ."

In his *Anders* brief, Cortes-Regalado's counsel candidly suggests (as he is required to do) we lack "jurisdiction to consider the appeal because Cortes-Regalado, in pleading guilty, agreed to a specific sentencing range, and the sentence was not imposed in violation of law or as a result of an incorrect application of the guidelines, or was greater than the sentence set forth in the agreement." (*Anders* Br. at 4-5.) He relies on *United States v. Silva*, which explains that under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties may, in structuring a guilty plea, "agree that a specific sentence or sentencing range is the appropriate disposition of the case, . . . (such a recommendation or request binds the court once the court accepts the plea agreement.)." 413 F.3d 1283, 1284 (10th Cir. 2005) (quotations omitted). *Silva* goes on to state:

> Where a defendant agrees to and receives a specific sentence, that defendant may only appeal the sentence if it was (1) imposed in violation of law, (2) imposed as a result of an incorrect application of the guidelines, or (3) is greater than the sentence set forth in the plea agreement. 18 U.S.C. § 3742(a) and (c); *United States v. Denogean*, 79 F.3d 1010, 1013-14 (10th Cir. 1996). Otherwise, we do not have jurisdiction over the appeal.

*Id.*

Here, other than what was informally agreed upon between the government and

# I.     BACKGROUND

On December 12, 2009, Cortes-Regalado was arrested for his part in the

smuggling of 1.1 kilograms of methamphetamine from Colorado to Utah.  He was

indicted for one count of possession of methamphetamine with the intent to distribute, in

violation of 21 U.S.C. § 841 (a)(1) and 18 U.S.C. § 2.[3]  On June 23, 2010, Cortes-

Regalado pled guilty to the charge.[4]

The presentence investigation report (PSR) determined the base offense level was

36 under the applicable 2009 edition of the Sentencing Guidelines Manual for possession

with the intent to distribute 1.1 kilograms of methamphetamine.  *See* USSG §2D1.1(c)(2).

Because Cortes-Regalado was safety-valve eligible under USSG §5C1.2, the base offense

level was reduced by two levels.  *See* USSG §2D1.1(b)(11).   After a three-level

downward adjustment for acceptance of responsibility, *see* USSG §3E1.1, the total

offense level was 31.  With a Criminal History Category of I, the advisory guideline

range was 108 to 135 months imprisonment.

At the sentencing hearing, the court agreed Cortes-Regalado was entitled to the

---

Cortes-Regalado in his "Statement by Defendant in Advance of Guilty Plea," our review
of the record indicates there was no formal plea agreement as contemplated by Rule
11(c)(1)(C).   Furthermore, there was no specific sentence or sentencing range agreed
upon by the parties.  Accordingly, *Silva* is inapplicable.  We have jurisdiction.

[3] The indictment also included a Notice of Intention to Seek Criminal Forfeiture
pursuant to 21 U.S.C. § 853 of approximately $2,000 in cash and two vehicles.
Subsequently, as part of his guilty plea, Cortes-Regalado agreed to forfeit these items.

[4] Cortes-Regalado's statement in advance of his guilty plea indicates the
government agreed to join in a recommendation for a sentence at the low end of the
guideline range.  Assuming Cortez-Regalado was safety-valve eligible, the government
also agreed not to object to any resulting sentence reduction.

safety valve adjustment permitting him to "escape[] the 10-year minimum mandatory" sentence. (R. Vol. II at 24.). Defense counsel argued Cortes-Regalado was also entitled to

> an additional two-point adjustment [for] minor role . . . [because he only was] asked . . . to come to Colorado . . . to help drive a truck back to Utah, that he assisted in driving the truck from Colorado to Utah, but that he didn't have anything to do with setting up the transaction that led to the need for the truck to be transported, and that he was not present at the scene of the actual transaction . . . . I think that all the evidence is that he didn't set up the actual drug transaction that is the subject of this prosecution. He wasn't present for it. He didn't transport the drugs to it. He was back at the house having delivered a red truck to the house and having helped to unload the drugs out of the red truck into a garage.

(*Id*. at 25.) In sum, counsel characterized Cortes-Regalado as "effectively operating as[a] mule[] for drugs going one way and money going the other and that none of it really belong[ed] to [him], and [he was just one of the] cogs in a wheel." (*Id.* at 26.)

The government, on the other hand, viewed the situation as "a fairly typical pipeline drug trafficking case involving a confidential informant and a few individuals who all had different roles in the process" that were "important." (*Id*. at 28-29.) It also pointed out that although Cortes-Regalado was "maybe not the biggest drug dealer in the history of the world . . . he's still part of a drug deal that's involving thousands of dollars and multiple pounds of methamphetamine, and he's crossing statelines." (*Id.* at 30.) The court agreed with the government, stating "[t]he cases I've read and the guidelines I think suggest that this is not a minor role." (*Id.* at 34.) Nonetheless, the court concluded it would "cut [Cortes-Regalado] a slight break on the [§] 3553 [factors] in terms of deterrence and protection and so on and what's adequate and sentence him to 96

months."[5]  (*Id.*)

## II.     DISCUSSION

Under *Anders*, "if counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."  386 U.S. at 744.  With his motion to withdraw, counsel must submit "a brief referring to anything in the record that might arguably support the appeal."  *Id.*  The defendant must have the opportunity to review counsel's brief and "raise any points that he chooses" to the court.  *Id.*  The court must then conduct a full examination of the record to determine "whether the case is wholly frivolous."  *Id.*  If the court concludes the case is frivolous, it may grant counsel's motion to withdraw and dismiss the appeal.  *Id.*; *see also United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (discussing *Anders* procedure).

After fully examining the record, we see two potential issues which might arguably support an appeal:  (1) whether Cortes-Regalado was entitled to a minor role reduction in his sentence; and (2) whether his sentence is reasonable.

"We review for clear error the district court's refusal to award a defendant minor or minimal participant status."  *United States v. Bowen*, 437 F.3d 1009, 1018 (10th Cir.

---

[5] Defense counsel considers the reduction from the applicable 108 to 135 month guideline range to be a departure, but we construe it as a variance.  A departure occurs "when a court reaches a sentence above or below the recommended Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines."  *United States v. Atencio*, 476 F.3d 1099, 1101, n.1 (10th Cir. 2007), *overruled in part on other grounds by Irizarry v. United States*, 553 U.S. 708, 713 n.1 (2008).  A variance occurs "[w]hen a court enhances or detracts from the recommended range through application of § 3553(a) factors."  *Id.*

2006). Under the guidelines, a defendant is entitled to a two-level downward adjustment if he "was a minor participant in any criminal activity." USSG §3B1.2(b) (2009 edition). The guideline is intended to provide "a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." USSG §3B1.2 comment. (n.3(A)). The defendant's culpability "involves a determination that is heavily dependent upon the facts of the particular case . . . . [As a result,] the court, in weighing the totality of the circumstances, is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted." *Id.* § 3B1.2 comment. (n.3(C)).

The court did not err in denying Cortes-Regalado a "minor role" status. Cortes-Regalado submitted a "Statement by Defendant in Advance of Plea of Guilty" wherein he admitted "[o]n or about November 15, 2009 . . . , I knowingly aided and abetted others in possessing 1.3 kilograms [1.1 kilograms actual] of total methamphetamine . . . with the intent to distribute it." (R. Vol. I at 14.) His admissions were confirmed at the plea hearing. **[R. Vol. II at 16-17]** While at sentencing defense counsel argued Cortes-Regalado was "effectively operating as [a] mule[]," the government pointed out he had "nearly $2000 on his person" when he was arrested. (R. Vol. II at 26, 29.) The government maintained his role was "important:"

> [I]t is clear that [Cortes-Regalado] did meet with [a co-defendant] at some point in Colorado, and he took the affirmative step to get into a truck with a hidden compartment to drive that truck across statelines with a couple pounds, multiple pounds of methamphetamine in it. They then went to a house and found a person to stay with in the Ogden area, and then they went to meet with this informant. And for a couple hours, Mr. Cortes-Regalado was meeting with the other two individuals and this informant.

(*Id.*)  We agree this activity did not warrant a minor role reduction as Cortes-Regalado's conduct was not substantially less culpable than the average participant.

Turning to the reasonableness of Cortes-Regalado's sentence, we review sentences for procedural and substantive reasonableness, giving deference to the district court under the abuse of discretion standard.  *Gall v. United States*, 528 U.S. 38, 51 (2007).  Cortes-Regalado's sentence is reasonable in both procedure and substance.  The district court correctly calculated the advisory guideline range as 108 to135 months.  It then considered the 18 U.S.C. § 3553(a) factors and concluded a sentence <u>below</u> the advisory guideline range was appropriate.  The district court's sentence was within "the bounds of permissible choice, given the facts and the applicable law" and therefore a proper exercise of its discretion.  *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) (quotations omitted).

After a careful review of the record and relevant law, we agree with counsel — there are no arguably meritorious claims.  We **GRANT** counsel's motion to withdraw and **DISMISS** this appeal.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge