**F I L E D**

PUBLISH

**July 7, 2005**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SAMUEL SILVA, also known as
SAMUEL JESS SILVA,

Defendant-Appellant.

No. 04-1522

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. NO. 03-CR-430-WM)**

Warren R. Williamson, Assistant Federal Public Defender, Denver Colorado, on
briefs for Defendant-Appellant.

Jerry N. Jones, Assistant United States Attorney, Denver, Colorado, on brief for
Plaintiff-Appellee.

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges.

**TYMKOVICH** , Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

A federal grand jury charged defendant-appellant Samuel Silva with two counts of possessing a firearm under 18 U.S.C. § 922(g)(1). Shortly thereafter, Silva entered into a plea agreement with the government whereby he pled guilty to the first count and the government agreed to dismiss the second count. The parties also agreed, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that Silva "should be sentenced at the bottom of the applicable guideline range." Based on stipulated facts, the "tentative" guideline range contemplated by the plea agreement was 70 to 87 months.

The Probation Office then submitted its presentence report to the district court. The PSR identified a higher criminal history category than originally contemplated by the parties, which, accordingly, resulted in a higher guideline range (92 to 115 months). At a sentencing hearing, however, the district court declined to accept the PSR's recommendation for an enhancement based on a prior conviction for a crime of violence. Without this enhancement, Silva's guideline range dropped to 63 to 78 months. The district court, having accepted Silva's plea agreement pursuant to Rule 11(c)(1)(C), sentenced Silva to the bottom of the applicable guideline range, 63 months.

Silva now appeals his sentence, arguing he is entitled to a remand on the grounds that he was sentenced under a mandatory sentencing scheme in violation of *United States v. Booker*, 125 S. Ct. 738 (2005). We disagree. Federal Rule of Criminal Procedure 11(c)(1)(C) states that, in structuring a guilty plea, the parties may "agree that a specific sentence or sentencing range is the appropriate disposition of the case, . . . (such a recommendation or request binds the court once the court accepts the plea agreement)." Where a defendant agrees to and receives a specific sentence, that defendant may only appeal the sentence if it was (1) imposed in violation of law, (2) imposed as a result of an incorrect application of the guidelines, or (3) is greater than the sentence set forth in the plea agreement. 18 U.S.C. § 3742(a) and (c); *United States v. Denogean*, 79 F.3d 1010, 1013–14 (10th Cir. 1996). Otherwise, we do not have jurisdiction over the appeal.

As applied here, we may only entertain Silva's appeal if he can show that one of the three criteria from 18 U.S.C. § 3742 has been met. Silva's only plausible argument is that his sentence was imposed in violation of law because it was given under a mandatory sentencing scheme. But this argument fails for the simple and obvious reason that Silva received the specific sentence he bargained for as part of his guilty plea. Having voluntarily exposed himself to a specific punishment, Silva cannot now claim he was the victim of a mandatory sentencing

system.  As noted by other circuits, nothing in *Booker* undermines the validity of sentences imposed under Rule 11(c)(1)(C).  *United States v. Cieslowski*, 410 F.3d 353, 364–65 (7th Cir. 2005).  This is because "[a] sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself, not from the Guidelines," and, therefore, "[a]s *Booker* is concerned with sentences arising under the Guidelines, it is inapplicable in this [Rule 11(c)(1)(C)] situation."  *Id.* at 364.  Silva's sentence, therefore, was not imposed in violation of law.  *See also United States v. Sahlin*, 399 F.3d 27, 32–33 (1st Cir. 2005) (holding there was no *Booker* violation because defendant stipulated to his sentence under Rule 11(c)(1)(C));  *United States v. Brown*, No. 04-2960, 2005 WL 957329 (8th Cir. April 27, 2005) (holding defendant could not challenge Rule 11(c)(1)(C) sentence under *Booker*).

Thus, lacking jurisdiction, we dismiss the appeal.[1]

---

[1] Alternatively, Silva could not prevail on a claim that he is entitled to resentencing under our standards for harmless error or plain error.  *See United States v. Labastida-Segura*, 396 F.3d 1140 (10th Cir. 2005); *United States v. Gonzalez-Huerta*, 403 F.3d 727 (10th Cir. 2005).  As noted, the district court did not commit error by imposing the sentence contemplated by the plea agreement.  Thus, even if we had jurisdiction over this appeal, we would affirm the 63-month sentence.