**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 12, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOE PATRICK LOWE,

      Defendant-Appellant.

No. 04-8099
(District of Wyoming)
(D.C. No. 04-CR-73-WFD)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-appellant Joe Patrick Lowe pleaded guilty to conspiracy to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and § 846. Lowe's Presentence Report ("PSR") calculated a base offense level of thirty-four based on relevant conduct of at least 1.5 kilograms of methamphetamine. The PSR added two offense levels for possession of a dangerous weapon, and two more levels for Lowe's role in the offense. The PSR then subtracted three levels for Lowe's acceptance of responsibility, resulting in a total offense level of thirty-five. Combined with a criminal history category of IV, this offense level resulted in a sentencing range under the United States Sentencing Guidelines of 235 to 293 months' imprisonment.

Shortly after Lowe entered his guilty plea, the United States Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004). In light of the uncertainty cast upon the constitutionality of the Guidelines in the wake of *Blakely*, the government and Lowe agreed to stipulate that no sentencing enhancements would be applied under the Guidelines other than the enhancement for the quantity of drugs admitted by Lowe in his plea agreement. Lowe's offense level was thereby reduced to twenty-nine, and his sentencing range to 121 to 151 months. In return, Lowe agreed to be sentenced to 151 months' imprisonment, the high end of the Guidelines range. After determining that Lowe entered into the stipulation

knowingly and voluntarily, the district court accepted the stipulation and sentenced Lowe to 151 months.

Lowe filed a timely notice of appeal. His counsel then filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and moved to withdraw. *Anders* holds that counsel, finding a client's appeal to be wholly frivolous upon conscientious examination, may advise the court and request permission to withdraw. *Id.* at 744. The request must "be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.* The defendant must receive a copy of the brief and be given time to raise any points he chooses. *Id.* This court must then fully examine the record and decide whether the appeal is wholly frivolous. *Id.* If it so finds, the court may grant counsel's request to withdraw and dismiss the appeal. *Id.*

Lowe's counsel, after reviewing the record, asserts that he has been unable to discover any non-frivolous appealable issues. This court permitted Lowe to respond to his counsel's *Anders* brief, but no such response was filed. Upon review of the entire record on appeal, we agree with Lowe's counsel that there are no non-frivolous appealable issues in this case. Lowe pleaded guilty to conspiracy to distribute more than 500 grams of methamphetamine, and the record shows that the plea was entered into knowingly and voluntarily. Furthermore, the record reveals that Lowe knowingly and voluntarily stipulated to a sentence of

151 months.  Under these circumstances, we can see no basis on which Lowe could challenge either his conviction or sentence on appeal.

The Supreme Court's subsequent decision in *United States v. Booker*, 125 S. Ct. 738 (2005), in no way undermines this conclusion.  This court has previously held that the decision in *Booker* does not render prior plea agreements unknowing or involuntary.  *United States v. Green*, 405 F.3d 1180, 1190 (10th Cir. 2005).  Nor does *Booker* cast any doubt on the legality of Lowe's sentence.  The sentence imposed by the district court did not violate Lowe's Sixth Amendment rights under *Booker* because the only sentence enhancement applied by the district court was based on the quantity of drugs admitted in the plea agreement.  *See Booker*, 125 S. Ct. at 756.  Furthermore, the district court did not violate *Booker*'s remedial holding by applying the Guidelines in a mandatory fashion.  *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 731-32 (10th Cir.2005) (en banc).  Instead, the district court sentenced Lowe based on the parties' stipulation at sentencing.  *Cf. United States v. Silva*, 413 F.3d 1283, 1284 (10th Cir. 2005) (holding that the district court did not commit *Booker* error in sentencing the defendant to the specific sentence bargained for in the plea agreement).  The record shows that Lowe agreed to his stipulated sentence knowingly and with full awareness of the uncertainty regarding the Supreme

Court's pending decision in *Booker*.  Lowe's stipulation was strategically beneficial to him, and may not be repudiated on appeal.[1]

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[1]If anything, the Supreme Court's decision in *Booker* would likely have led to a higher sentence in Lowe's case.  As this court has previously noted, nothing in *Booker* prohibits district courts from continuing to make factual findings that enhance a defendant's sentence under the Guidelines, as long as the court does not apply the Guidelines in a mandatory fashion.  *United States v. Lawrence*, 405 F.3d 888, 907 (10th Cir. 2005).  In fact, district courts are *required* to consult the Guidelines and take them into account in exercising their sentencing discretion under *Booker*.  *United States v. Sierra-Castillo*, 405 F.3d 932, 936 n.2 (10th Cir. 2005).  Thus, *Booker* would not have prevented the district court from imposing a sentence within the Guidelines range of 235 to 293 months.