**F I L E D**

**UNITED STATES COURT OF APPEALS**

**April 3, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRUCE HOLDER,

    Defendant - Appellant.

No. 04-1437
(D.C. No. 03-CR-475-B)
(District of Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA,** Chief Judge**,** and **HOLLOWAY** and **HARTZ**, Circuit Judges.

---

Defendant-appellant Bruce Holder entered a plea of guilty to a charge of possession of a firearm after a former felony conviction, a violation of 18 U.S.C. § 922(g). He now brings this appeal, raising only one issue – whether his sentence should be set aside under the holding of *United States v. Booker*, 543 U.S. 220 (2005). The government has moved to dismiss the appeal, contending that jurisdiction is lacking because Holder does not present any colorable claim that his sentence was imposed in violation of law or as a result of an incorrect application of the Guidelines.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The plea agreement in this case recites that it is entered into under Fed. R. Crim. P. 11(c)(1)(C).[1]  In the agreement, "[t]he parties stipulate that sentencing in this case will be determined by application of the sentencing guidelines, issued pursuant to 28 U.S.C. § 994(a)."

Although Fed. R. Civ. P. 11(c) permits agreements of greater specificity, in this case the government only agreed to a sentence at the lowest end of the applicable range.  And, under the language just quoted, the parties specifically agreed that the guideline range was to be calculated by the district court in the ordinary way.

A defendant's right to appeal his sentence is limited by 18 U.S.C. § 3742(a), which provides that an appeal may be taken if the sentence was imposed in violation of law or as a result of an incorrect application of the sentencing guidelines (along with two other grounds

---

[1]Rule 11(c) provides, in pertinent part:
(c) Plea Agreement Procedure.
(1) In General.  An attorney for the government and the defendant's attorney . . . may discuss and reach a plea agreement.  . . . .  If the defendant pleads guilty . . . the plea agreement may specify that an attorney for the government will:
   (A)  not bring, or will move to dismiss, other charges;
   (B)  recommend, or agree not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request does not bind the court); or
   (C)  agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

that are plainly not applicable here).  The government points out that Mr. Holder does not allege any error in the application of the guidelines.  Thus, this appeal can be maintained only if it was imposed in violation of law.  The government argues that there can have been no violation of law here, because after the guidelines range had been calculated, the sentence was imposed based on the agreement, leaving no possibility for *Booker* error.  We agree, as this issue has recently been resolved in this circuit.  *United States v. Silva*, 413 F.3d 1283 (10th Cir. 2005).[2]

We conclude that this case is not distinguishable from *Silva,* and so is controlled by it.  Accordingly, we must **DISMISS** this appeal for lack of jurisdiction.

**It is so ordered**.


ENTERED FOR THE COURT


William J. Holloway, Jr.
Circuit Judge


.

---

[2]We ordered and received supplemental briefs on the application of *Silva*.