**F I L E D**

**UNITED STATES COURT OF APPEALS**

**May 3, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

TERRY LEE DOOLEY,

    Defendant-Appellant.

No. 04-1506
(D.C. No. 02-CR-342-WM)
(Colorado)

## ORDER AND JUDGMENT[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Terry Lee Dooley pled guilty to being a felon in possession of a firearm in

violation of 18 U.S.C. §§ 922(g) and 924(e)(1). He now seeks to challenge his

conviction and sentence. Counsel for Mr. Dooley filed a brief pursuant to *Anders*

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).
The case is therefore submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, or
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of
10th Cir. R. 36.3.

*v. California*, 386 U.S. 738 (1967), contending there are no non-frivolous issues for appeal and seeking to withdraw. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, grant counsel's motion to withdraw, and dismiss the appeal.

Mr. Dooley pled guilty to being a felon in possession of a firearm pursuant to a plea agreement with the government. The parties agreed to a sentence of 188 months pursuant to FED. R. CRIM. P. 11(c)(1)(C), and the government agreed to recommend a sentence at the low end of that range. Mr. Dooley also agreed to waive "any right he may have for a grand jury indictment and a jury determination of any and all facts relevant to the application of any Sentencing Guideline factor that may exist under *Blakely v. Washington*, 542 U.S. 296 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and any other case interpreting these two Supreme Court decisions." Rec., vol. I, doc. 73 at 2; *id.*, vol. III at 3, 15, 24. Mr. Dooley was sentenced to a term of 188 months. He timely filed *pro se* a notice of appeal, stating he sought to appeal his "judgment and conviction, including the sentence imposed." *Id.*, vol. I, doc. 87.

In the *Anders* brief, Mr. Dooley's counsel notes that because Mr. Dooley pled guilty, "the only possible avenues for appeal would be irregularities in the guilty plea, or sentencing errors." Aplt. br. at 5. Counsel reasoned that because there were no irregularities attending Mr. Dooley's guilty plea, and because Mr. Dooley waived his right to a grand jury indictment and a jury determination of

any fact relevant to any sentencing guideline factor, there were no non-frivolous grounds upon which Mr. Dooley could appeal. Notwithstanding the opportunity to do so, Mr. Dooley has not responded to his attorney's *Anders* brief, and the government has declined to file a brief. Pursuant to *Anders*, we must conduct "a full examination of all the proceedings" to determine if Mr. Dooley's appeal is wholly frivolous. 386 U.S. at 744.

Defense counsel is correct to note that Mr. Dooley's guilty plea was valid. The record indicates the trial court followed the procedures required by the Federal Rules of Criminal Procedure regarding guilty pleas. *See* FED. R. CRIM. P. 11(b)(1) (detailing procedures required to ensure defendant's understanding prior to accepting plea), 11(b)(2) (ensuring plea is voluntary), and 11(b)(3) (establishing factual basis for plea); *see also United States v. Rhodes*, 913 F.2d 839, 843 (10th Cir. 1990) (guilty plea must be knowing and voluntary in order to be valid). In the course of Mr. Dooley's plea proceedings, the trial court also established that Mr. Dooley understood he was waiving any right to a jury determination of any sentencing factors used to calculate his sentence. Rec., vol. III at 7, 17, 20-21, 25-26. We see no infirmities in Mr. Dooley's guilty plea, and he therefore lacks any non-frivolous grounds to challenge his conviction.

Mr. Dooley's sentence pursuant to Rule 11(c)(1)(C) further undermines any sentencing challenge he might wish to raise. Rule 11(c)(1)(C) provides the

parties may "agree that a specific sentence or sentencing range is the appropriate disposition of the case, . . . (such a recommendation or request binds the court once the court accepts the plea agreement)." FED. R. CRIM. P. 11(c)(1)(C).

> Where a defendant agrees to and receives a specific sentence, that defendant may only appeal the sentence if it was (1) imposed in violation of law, (2) imposed as a result of an incorrect application of the guidelines, or (3) is greater than the sentence set forth in the plea agreement.

*United States v. Silva*, 413 F.3d 1283, 1284 (10th Cir. 2005) (citing 18 U.S.C. § 3742(a) and (c); *United States v. Denogean*, 79 F.3d 1010, 1013-14 (10th Cir.1996)). Here, the only conceivable ground upon which Mr. Dooley might appeal his sentence is an argument that his sentence was imposed in violation of law, i.e., that he was sentenced under a mandatory sentencing scheme in violation of *United States v. Booker*, 543 U.S. 220 (2005). We foreclosed that argument in *Silva*, where we held that nothing in the *Blakely/Apprendi/Booker* line of cases "undermines the validity of sentences imposed under Rule 11(c)(1)(C)." *Silva*, 413 F.3d at 1284. There was nothing unlawful about Mr. Dooley's sentence warranting appeal.

Accordingly, we **DISMISS** the appeal and grant counsel's request to withdraw.

SUBMITTED FOR THE COURT

-4-

Stephanie K. Seymour
Circuit Judge