**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 24, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MIGUEL ANGEL TORRES-
VARELA,

Defendant - Appellant.

Nos. 06-2171
06-2172

(D. New Mexico)

(D.C. Nos. CR-99-437-JP
and CR-06-384-JP)

**ORDER AND JUDGMENT**[*]

Before **TACHA,** Chief Circuit Judge, **ANDERSON** and **BRORBY**, Circuit
Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

While on supervised release following his conviction for a prior drug offense, defendant/appellant Miguel Angel Torres-Varela pled guilty to the crime of reentry by a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1), (2) and (b)(2). He was also charged with violating the conditions of his supervised release. Torres-Varela was sentenced to forty-six months' imprisonment, followed by three years of supervised release, on the reentry charge and three months for the violation of the conditions of supervised release, to be served consecutively to the forty-six month sentence. In separate appeals which we consolidate for purposes of disposition, Torres-Varela endeavors to appeal both those sentences. In appeal No. 06-2171, Torres-Varela seeks to appeal his sentence for violation of the conditions of his supervised release; in appeal No. 06-2172, he seeks to appeal his sentence for illegal reentry.

Torres-Varela's appointed counsel, Joel M. Carson III, has filed an Anders brief in each appeal and has moved to withdraw as counsel. See Anders v. California, 386 U.S. 738 (1967). Torres-Varela has not filed a response in either appeal, and the government has declined to file briefs. We therefore base our conclusions on counsel's briefs and our own review of the record in each case. For the reasons set forth below, we agree with Mr. Carson that the records in these cases provide no nonfrivolous basis for an appeal, and we therefore grant his motions to withdraw and dismiss these appeals.

## 1. Background

In February 2002, Torres-Varela was sentenced to forty-six months' imprisonment, followed by three years of supervised release, for possession with intent to distribute more than fifty kilograms of marijuana. After he completed his term of imprisonment, Torres-Varela was deported and his term of supervised release commenced. One of the conditions of his supervised release prohibited him from reentering the United States without prior approval from the Attorney General. Torres-Varela's supervised release was scheduled to expire on December 17, 2005.

On December 9, 2005, United States authorities apprehended Torres-Varela in the United States and charged him with reentry by a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1), (2) and (b)(2). This arrest caused Torres-Varela to be charged with violating the terms of his supervised release as well. Accordingly, the United States Probation Office filed a petition to have Torres-Varela's supervised release revoked. On May 25, 2006, the district court held a hearing on the supervised release violation, at which Torres-Varela admitted to violating the condition of his supervised release prohibiting him from reentering the United States without prior approval from the Attorney General.

The court then proceeded to sentencing for the violation of the supervised release condition. The court noted that the most serious violation was a Grade B violation under the advisory United States Sentencing Commission, Guidelines Manual ("USSG"), Chapter 7, and that, with a criminal history category of IV, the advisory Guideline sentencing range was twelve to eighteen months. The court then sentenced Torres-Varela to three months' imprisonment, to be served consecutively to the sentence imposed for Torres-Varela's illegal reentry violation. The court explained that the three-month term was to run consecutively "to impress upon Mr. Torres that the concept of supervised release and violation of conditions of supervised release does have a meaning and a consequence." Tr. of Violation of Supervised Release Hr'g at 12, R. Vol. III. Torres-Varela endeavors to appeal that sentence.

## 2. Discussion

Under Anders, "counsel [may] request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (citing Anders, 386 U.S. at 744). This process requires counsel to:

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after

such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

Id. (citing Anders, 386 U.S. at 744). As indicated, Torres-Varela's counsel has filed his Anders brief in this appeal, to which neither Torres-Varela nor the government has responded.

We agree with counsel that there is no nonfrivolous issue related to Torres-Varela's three-month sentence for violating the terms of his supervised release which could form the basis for an appeal. Under 18 U.S.C. § 3583(e)(3) and Fed. R. Crim. P. 32.1(b), the district court may revoke a person's supervised release when that person violates a condition of his or her supervised release. See United States v. Cordova, 461 F.3d 1184 (10th Cir. 2006). Following that revocation, the district court may sentence the defendant to a term of imprisonment. Thus, there is no argument to be made that the court erred in revoking Torres-Varela's supervised release and sentencing him to a term of imprisonment.

Nor is there any nonfrivolous argument to be made about the length of the sentence imposed. "In imposing a sentence following revocation of supervised release, a district court is required to consider both Chapter 7's policy statements, as well as a number of factors provided in 18 U.S.C. § 3553(a)." Cordova, 461 F.3d at 1188; see also 18 U.S.C. §§ 3583(e), 3584(b). The § 3553(a) factors include:

[T]he nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to

afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; pertinent guidelines; pertinent policy statements; the need to avoid unwanted sentence disparities; and the need to provide restitution.

United States v. Contreras-Martinez, 409 F.3d 1236, 1242 n.3 (10th Cir. 2005). The court, however, "is not required to consider individually each factor listed in § 3553(a)," nor must it "recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed us to consider." United States v. Rodriguez-Quintanilla, 442 F.3d 1254, 1258-59 (10th Cir. 2006) (internal quotations omitted). Furthermore, "[a] district court has discretion to impose consecutive sentences after the revocation of supervised release." Cordova, 461 F.3d at 1189. After carefully reviewing the record, we find the three-month sentence imposed here, which was below the advisory Guideline range, was clearly reasoned and reasonable. No nonfrivolous basis for appealing it exists.

## APPEAL NO. 06-2172

### 1. Background

Torres-Varela was charged with illegal reentry by a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1), (2) and (b)(2). He waived indictment and, on March 1, 2006, entered into a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C). Under the

-6-

plea agreement, the government agreed that Torres-Varela would be entitled to downward departures sufficient to allow for a Guideline offense level of nineteen. The government further agreed to recommend a sentence at the "lower end of the sentencing guideline range." Plea Agreement at 6, R. Vol. I at doc. 15. Torres-Varela agreed not to appeal "any sentence within the statutory range applicable to the statute(s) of conviction." Id. at 5. He further agreed he would not pursue a collateral attack pursuant to 28 U.S.C. § 2255, except on the grounds of ineffective assistance of counsel.

In preparation for sentencing, the United States Probation Office prepared a presentence report ("PSR"), which calculated an advisory Guideline sentencing range of forty-six to fifty-seven months, based upon the offense level of nineteen, pursuant to the plea agreement, and Torres-Varela's criminal history category of IV.[1] Torres-Varela admitted that all of the factual statements contained in the PSR were correct. The district court then adopted the factual statements in the PSR and, in accordance with the plea agreement, sentenced Torres-Varela to forty-six months. As Torres-Varela's counsel acknowledged, "we entered a[] [plea agreement under Fed. R. Crim. P.] 11(c)(1)(C), and . . . that would be the sentence in accordance with the plea." Tr. of Sentencing Hr'g at 4, R. Vol. IV.

---

[1]The PSR noted that Torres-Varela's actual total offense level under the Guidelines was twenty-one. With a criminal history category of IV, a total offense level of twenty-one would have yielded an advisory Guidelines range of fifty-seven to seventy-one months.

The court stated that, in imposing the sentence, it had "considered the sentencing guideline applications, and the factors set forth in 18 [U.S.C. §] 3553(a) 1 through 7." Id. at 5.

## 2. Discussion

We agree with counsel that there is no nonfrivolous basis upon which Torres-Varela can challenge his forty-six month sentence. We now review sentences imposed for reasonableness. United States v. Kristl, 437 F.3d 1050, 1053 (10th Cir. 2006) (per curiam). Reasonableness "necessarily encompasses both the reasonableness of the length of the sentence, as well as the *method* by which the sentences was calculated." Id. at 1055. Torres-Varela's sentence is both procedurally and substantively reasonable. The district court specifically stated that it had reviewed the applicable sentencing factors contained in 18 U.S.C. § 3553(a). The sentence was at the low end of the advisory Guideline range. Furthermore:

> Under Federal Rule of Criminal Procedure 11(c)(1)(C), parties may, in structuring a guilty plea, "agree that a specific sentence or sentencing range is the appropriate disposition of the case, . . . (such a recommendation or request binds the court once the court accepts the plea agreement)." Where a defendant agrees to and receives a specific sentence, he may appeal the sentence only if it was (1) imposed in violation of the law, (2) imposed as a result of an incorrect application of the Guidelines, or (3) is greater than the sentence set forth in the plea agreement. Otherwise, the Court lacks jurisdiction over the appeal.

Calderon, 428 F.3d at 932 (quoting United States v. Silva, 413 F.3d 1283, 1284 (10th Cir. 2005) (further quotations and citations omitted)).

Torres-Varela received the sentence to which he agreed in the plea agreement, inasmuch as his sentence was calculated based upon an offense level of nineteen, and he was sentenced at the low end of the advisory Guideline range. Having concluded that the sentence is reasonable, was imposed following a correct application of the Guidelines and reflects the sentence agreed to in the plea agreement, we lack jurisdiction over any other basis for an appeal.

The only remaining issue Torres-Varela's counsel avers that Torres-Varela wishes to raise is ineffective assistance of counsel. "Ineffective assistance of counsel claims 'should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed.'" Id. at 931 (quoting United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995)); see also Massaro v. United States, 538 U.S. 500, 504-05 (2003) ("In light of the way our system has developed, in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance."). Thus, Torres-Varela's ineffective assistance of counsel claim does not provide a basis for this appeal.

**CONCLUSION**

For the foregoing reasons, we GRANT counsel's motions to withdraw from both of these cases and we DISMISS these appeals.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge