FILED
**United States Court of Appeals**
**Tenth Circuit**

**January 18, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

FACUNDO CHAVEZ-MARQUEZ,

  Defendant-Appellant.

No. 09-2207
(D.C. No. 1:08–CR-02310-JB-1)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **LUCERO**, Circuit Judge.

On October 6, 2008 Facundo Chavez-Marquez (defendant) pled guilty to an information in the United States District Court for the District of New Mexico charging him with re-entry of a previously deported illegal alien in violation of 8 U.S.C. §§ 1326(a) and (b). Defendant pled guilty under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and pursuant to the terms of a "fast track plea agreement." Defendant agreed to a broad appeal waiver whereby he agreed

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to waive all appeals of his sentence within the guideline range and in conformity with the plea agreement. Defendant also waived any collateral attack to the conviction, except on the issue of ineffective assistance of counsel. The Presentence Report calculated the guideline range as 27-33 months. On July 17, 2009 the district court sentenced defendant to 27 months imprisonment.

On July 26, 2008, defendant was held in the Bernalillo County Detention Center for driving while intoxicated. A records check revealed that defendant had been deported to Mexico on February 24, 2006 after being convicted of a felony crime of importing marijuana in Texas. Defendant was released into the custody of ICE agents and entered a plea agreement with the district court pursuant to Fed. R. Crim. P. 11(c)(1)(C). A Presentence Report was prepared using the 2008 Guidelines resulting in a Guideline Range of 27-33 months. Defendant's base offense level was 8, and 12 levels were added pursuant to U.S.S.G. §2L1.2(b)(1)(B) for being previously deported after a conviction for a drug trafficking offense. Three levels were taken off for acceptance of responsibility and another three pursuant to the Rule 11(c)(1)(C) plea agreement. Defendant filed a motion challenging paragraph 22 of the PSR, claiming it wrongly assigned one point for a prior conviction in Colorado. Defendant claimed that he was not the defendant in that Colorado case and this one point moved him upward into a Criminal History Category IV. Without this point, defendant would have been in a Criminal History Category III resulting in a guideline range of 21-24 months.

The United States responded to this motion, and hearings were held where evidence was heard on the challenge, including fingerprint evidence connecting defendant to the crime at issue. Defendant's counsel withdrew the objection. The district court accepted the plea agreement and sentenced defendant to the low end of the guideline range, 27 months.

On appeal defendant raises two issues. The first issue asserts that "the pre-sentence report awarded an additional point for a prior conviction that occurred in Colorado thereby improperly placing the sentence in Category IV." Defendant's second argument is that "the district court was never apprised of Mr. Chavez-Marquez's serious medical condition and therefore failed to take his extraordinary physical impairment into consideration when it imposed sentence." However, before reaching these issues, this Court must determine if there is jurisdiction.

Under Federal Rule of Criminal Procedure 11(c)(1)(C), parties may, in structuring a guilty plea, "agree that a specific sentence or sentencing range is the appropriate disposition of the case,... (such a recommendation or request binds the court once the court accepts the plea agreement.)." *United States v. Silva*, 413 F.3d 1283, 1284 (10th Cir. 2005). A defendant may not appeal his sentence if he has waived his appellate rights in an enforceable plea agreement. *United States v. Smith*, 500 F.3d 1206, 1210 (10th Cir. 2007). Where a defendant agrees to and receives a specific sentence, he may appeal the sentence only if it was (1) imposed in violation of the law, (2) imposed as a result of an incorrect application

of the Guidelines, or (3) is greater than the sentence set forth in the plea agreement. *Id.* (Citing 18 U.S.C. § 3742(a),(c)). *See also United States v. Calderon*, 428 F.3d 928, 932 (10th Cir. 2005), *United States v. Trujeque*, 100 F.3d 869 (10th Cir. 1996). Otherwise, the Court lacks jurisdiction over the appeal.

The district court sentenced defendant to the low end of the guideline range with no enhancements, and defendant received the specific sentence he bargained for as part of the guilty plea. Defendant does not argue that the sentence was imposed in violation of the law. Nor was imposed as a result of an incorrect application of the Guidelines. Defendant received the specific sentence he bargained for as part of the guilty plea. Accordingly, because defendant agreed to and received a specific sentence, this Court lacks jurisdiction over this appeal and the issues raised by defendant need not be addressed[1]. *Calderon* 428 F.3d at 932.

---

[1] Defendant's claim that his trial counsel failed to advise the court at sentencing of defendant's cancer and did not sufficiently argue the Criminal History point is not appropriately raised on direct appeal. Defendant can raise an ineffective assistance of counsel claim in the district court. 28 U.S.C. §2255. No meaningful record was developed for review in the district court and virtually all claims brought on direct appeal are dismissed. *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995). Defendant does not argue on appeal that his counsel in any way rendered his plea invalid. This Court was advised at Oral Argument that a §2255 petition was filed in the district court on April 15, 2010.

This appeal is dismissed for lack of jurisdiction.


ENTERED FOR THE COURT


Robert H. McWilliams
Senior Circuit Judge