FILED
United States Court of Appeals
Tenth Circuit

December 13, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARK JUSTIN DENNY,

Defendant - Appellant.

No. 11-1187

(D. Colorado)

(D.C. No. 1:06-CR-00471-CMA-1)

ORDER AND JUDGMENT[*]

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

After being indicted for assault causing bodily injury to an employee of a federal high-security penitentiary engaged in the performance of official duties, in

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

violation of 18 U.S.C. §§ 111(a)(1) and (b), defendant and appellant Mark Justin Denny pled guilty and was sentenced to forty-two months' imprisonment. He appeals his sentence, which we dismiss for lack of jurisdiction.

## BACKGROUND

Following his indictment, Mr. Denny underwent extensive pre-trial mental health examinations and competency determinations. Ultimately, he was determined to be competent to enter into a plea agreement with the government, pursuant to Fed. R. Crim. P. 11(c)(1)(C). The agreement provided for a sentence not to exceed forty-two months, based on Mr. Denny's documented mental health problems and the parties' estimate of the applicable advisory sentencing range under the United States Sentencing Commission, Guidelines Manual ("USSG"), derived from the facts of the offense and Mr. Denny's then-known criminal history.

When the United States Probation Office prepared a presentence report ("PSR") in anticipation of sentencing, it was discovered that, because Mr. Denny's extensive criminal history included multiple felony convictions for crimes of violence, and because the instant offense was a crime of violence, Mr. Denny was a career offender under USSG §4B1.1. This resulted in assessing him a total offense level of 29, which, with a criminal history category of VI, yielded an applicable advisory guideline range of 151 to 188 months. Mr. Denny

made numerous objections to the PSR, including challenging virtually his entire criminal history.

Prior to sentencing, Mr. Denny filed a motion for a downward departure to a two-year sentence. He then filed a motion to dismiss the indictment against him entirely.

At sentencing on April 21, 2011, the district court found that the guideline calculations in the PSR were correct, including the classification of Mr. Denny as a career offender. Despite that, the court accepted the plea agreement and sentenced Mr. Denny to forty-two months, in accordance with the agreement. Mr. Denny's various motions were denied.

Mr. Denny filed this appeal, and the government has filed a motion to dismiss the appeal for lack of jurisdiction. Mr. Denny claims that the district court's application of the two-level enhancement for "bodily injury" under USSG §2A2.4(b)(2), in a case where enhanced penalties for "bodily injury" had already been automatically applied in accordance with the statute of conviction, 18 U.S.C. §§ 111(a) and (b), resulted in impermissible double-counting, rendering his sentence unreasonable.

The government argues that (1) pursuant to 18 U.S.C. § 3742(a) and (c), we lack jurisdiction to review a sentence imposed by a district court pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement; (2) even if, *arguendo*, the sentence had been imposed under the Guidelines, as opposed to the Rule 11(c)(1)(C) plea

agreement, and we had jurisdiction to hear this appeal, the application of the two "bodily injury" sentencing enhancements did not constitute impermissible double-counting. We address the jurisdictional question first, as it may be dispositive.

**DISCUSSION**

Under Fed. R. Crim. P. 11(c)(1)(C), the defendant and the government may, in structuring a guilty plea, "agree that a specific sentence or sentencing range is the appropriate disposition of the case, . . . (such a recommendation or request binds the court once the court accepts the plea agreement.)." United States v. Silva, 413 F.3d 1283, 1284 (10th Cir. 2005). "Where a defendant agrees to and receives a specific sentence, that defendant may only appeal the sentence if it was (1) imposed in violation of the law, (2) imposed as a result of an incorrect application of the guidelines, or (3) is greater than the sentence set forth in the plea agreement." Id. (citing 18 U.S.C. § 3742(a) and (c)); see also, United States v. Denogean, 79 F.3d 1010, 1013-14 (10th Cir. 1996). Otherwise, we lack jurisdiction over the appeal.

The government has filed a motion to dismiss this case on the ground that Mr. Denny cannot establish any of those three requirements to enable him to appeal. Mr. Denny responds that, because the plea agreement provided for a sentence "of no more than 42 months," it was not a "specific sentence" for purposes of § 3742, and therefore he was not bound by the strictures of that

-4-

statute.  Mr. Denny concedes there are no Tenth Circuit cases on this issue, and points to one case from another Circuit which suggests that a sentence similar to Mr. Denny's could not qualify as a "specific sentence."  See United States v. Newsome, 894 F.2d 852, 855 (6th Cir. 1990).  We, and many other Circuits, have allowed sentencing ranges to qualify as specific sentences.  See United States v. Veri, 108 F.3d 1311, 1313-14 (10th Cir. 1997) (collecting cases).

In the particular and unusual circumstances of this case, we choose not to delve into this issue and resolve whether a sentence of "up to 42 months" qualifies as a "specific sentence" for the purpose of 18 U.S.C. § 3742.[1]  Nobody below raised an issue about whether this plea agreement involved a specific sentence; rather, it is clear that everyone assumed it was.  Thus, in the extremely strange factual situation of this case, we will follow the usual rule when there is a valid Rule 11(c)(1)(C) plea agreement and thus conclude we lack jurisdiction over this appeal.[2]

---

[1]This case is partly unusual because Mr. Denny complains about a sentence which, in fact, bestowed a huge windfall on him.  He should have been sentenced as a career offender, facing a long, multi-year sentence.  Yet, due to the initial oversight by the government, he received a forty-two month sentence, which the government acquiesced in.

[2]Were we to assume we have jurisdiction, we would still uphold Mr. Denny's sentence.  He argues about a modest double-counting issue, whereas, as the government points out, any sentence calculated, with or without the double-counting of a "bodily injury" circumstance, would have been trumped by the career offender provisions.  So, any error in the double-counting issue would have been harmless.

**CONCLUSION**

For the foregoing reasons, we DISMISS this case for lack of jurisdiction.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge