FILED
United States Court of Appeals
Tenth Circuit

February 6, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GARNETT RAPHEAL ADDISON,

    Defendant - Appellant.

No. 11-8059
(D.C. No. 1:11-CR-00083-ABJ-1)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Garnett Addison pled guilty to one count of sexual abuse and was sentenced to 87

months of imprisonment and 15 years of supervised release. Mr. Addison filed a timely

notice of appeal of the district court's judgment. After a diligent search of the record,

---

[*]After examining Appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Addison's counsel determined that there were no issues that could support an appeal. He therefore filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Exercising jurisdiction under 28 U.S.C. § 1291 and finding no meritorious issues, we dismiss the appeal. We also grant counsel's motion to withdraw.

## I. BACKGROUND

Mr. Addison was charged by indictment on March 18, 2011, with one count of sexual abuse in violation of 18 U.S.C. §§ 1153 and 2242(2)(B). As permitted under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Mr. Addison entered into a plea agreement with the government in which he stipulated to a prison sentence of 87 months.

At Mr. Addison's plea hearing on May 19, 2011, he acknowledged that he had engaged in a sexual act with a minor who was drunk and passed out at the time. Mr. Addison stated he was a member of the Northern Arapaho tribe and that the offense took place in Indian country. Pursuant to the plea agreement, Mr. Addison entered a plea of guilty.

In preparation for Mr. Addison's sentencing, his probation officer completed a presentence report. At Mr. Addison's sentencing hearing, the court noted that neither the prosecution nor the defense objected to the presentence report. The report concluded that Mr. Addison's offense level of 29 and his criminal history category I placed his Sentencing Guidelines (the "Guidelines") range at 87 to 108 months of imprisonment. The maximum statutory term for Mr. Addison's offense was life imprisonment. *See* 18 U.S.C. § 2242. Under the Guidelines, Mr. Addison's range for a term of supervised

release was five years to life.

The district court noted that Mr. Addison had entered into a plea agreement in which he stipulated to a prison term of 87 months, which was at the low end of the Guidelines range. The court adopted the 87-month term, stating that it was "sufficient to punish and to not depreciate the conduct that occurred in this matter and the victimization of this young woman." ROA, Vol. 3 at 41-42. The court also noted that the sentence was "sufficient but not greater than necessary considering the extent of the needs of Addison," who at age 25 was "literally frozen in place with an alcohol addiction . . . and trapped with a lack of any marketable skill." *Id.* at 42.

Beyond the prison sentence, Mr. Addison requested a sentence of five years of supervised release, while the government requested lifetime supervision of Mr. Addison. The district court ordered 15 years of supervised release, as recommended in Mr. Addison's presentence report. Mr. Addison also was ordered to pay a special assessment of $100 and a fine of $500. The court entered its judgment on the record on August 2, 2011.

Mr. Addison filed a timely notice of appeal on August 15, 2011. His counsel then filed an *Anders* brief and a motion to withdraw, stating that he could "find no meritorious grounds for appeal and request[ing] permission to withdraw from representation on appeal." Aplt. Br. at 13. The government notified the court that it would not oppose the *Anders* motion. Mr. Addison was notified of his counsel's *Anders* motion, and he has not filed a response.

## II.    DISCUSSION

**A.** *Standard of Review and Applicable Law*

Pursuant to *Anders*, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005).

> Under *Anders*, counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*Id.* (citing *Anders*, 386 U.S. at 744).

"[T]his Court reviews sentences for reasonableness, as informed by the 18 U.S.C. § 3553(a) sentencing factors." *United States v. Montgomery*, 550 F.3d 1229, 1233 (10th Cir. 2008); *see also Gall v. United States*, 552 U.S. 38, 51 (2007). This review consists of two components: procedural and substantive reasonableness. *See Gall*, 552 U.S. at 51.

The procedural reasonableness of a sentence is reviewed under an abuse of discretion standard. *Id.* However, our review is for plain error if the defendant "did not object to the procedure by which his sentence was determined and explained" in the district court. *United States v. Ruiz-Terrazas*, 577 F.3d 1196, 1999 (10th Cir. 2007). Review of a sentence's procedural reasonableness assesses whether the district court failed to calculate or improperly calculated the Guidelines range, treated the Guidelines

as mandatory, did not consider the factors under § 3553(a), based the sentence on clearly erroneous facts, or did not adequately explain the chosen sentence. *See Gall*, 552 U.S. at 51. "The sentencing court, however, is not required to consider individually each factor listed in § 3553(a), nor is it required to recite any magic words to show us that it fulfilled its responsibility to be mindful of the [§ 3553(a)] factors . . . ." *United States v. Cordova*, 461 F.3d 1184, 1189 (10th Cir. 2006).

The substantive reasonableness of a sentence also is reviewed for abuse of discretion. *Gall*, 552 U.S. at 51. This review assesses whether "the length of the sentence is unreasonable given the totality of the circumstances in light of the 18 U.S.C. § 3553(a) factors." *United States v. Reyes-Alfonso*, 653 F.3d 1137, 1145 (10th Cir. 2011), *cert. denied*, 132 S. Ct. 828 (2011); *see also Gall*, 552 U.S. at 51. If a sentence is within the properly calculated Guidelines range, we presume it to be substantively reasonable. *See Reyes-Alfonso*, 653 F.3d at 1145.

**B. *Application***

We have conducted a full review of the record and agree with Mr. Addison's counsel that it indicates no meritorious issues that may be appealed. The *Anders* brief considers a single issue: whether an 87-month sentence is reasonable when it is at the low end of the Guidelines range and was stipulated to by both parties. Because Mr. Addison's sentence also includes 15 years of supervised release, to which he did not stipulate, we consider it as part of the reasonableness inquiry.

The district court discussed its reasoning in open court for imposing the 87-month

prison term and 15-year term of supervised release and stated that it considered the factors set forth in 18 U.S.C. § 3553(a). The court concluded that the 87-month term was "sufficient to punish and to not depreciate" the offense and the victimization of the minor, but also that it was "sufficient but not greater than necessary considering the extent of the needs of Addison." ROA, Vol. 3 at 41-42. The court discussed Mr. Addison's addiction to alcohol, his lack of employment history, his educational deficits, and his need for vocational training. Although the court stated that prison was not the best place to solve Mr. Addison's alcohol addiction and his lack of vocational training, it noted that some programs, including treatment programs, would be available to Mr. Addison.

The court also stated that because Mr. Addison's crime was a sex offense, "the law becomes very much involved." *Id.* at 42. It concluded that 15 years of supervised release was appropriate and could be terminated early if Mr. Addison was well behaved. As the court noted, "once a person achieves independence and is functioning as a citizen . . . and leading a sober and productive life, there becomes less reason to be supervising that person." *Id.* at 43.

Based on the district court's discussion, we conclude that it was mindful of the § 3553(a) factors and considered them in imposing Mr. Addison's sentence. Nothing suggests that the imposition of the 87-month sentence or the 15 years of supervised release was procedurally unreasonable. The district court recognized that Mr. Addison's plea agreement stipulated a term of imprisonment, but it also considered the § 3553(a)

factors to ensure the sentence was appropriate. Furthermore, Mr. Addison's challenge to the procedural reasonableness of his sentence would be reviewed for plain error because he failed to object to the procedure of determining his sentence or the district court's explanation of his sentence. Our review of the record has revealed no error, let alone a plain one.

Mr. Addison's sentence also has a presumption of substantive reasonableness because both the prison and supervised release terms are within the Guidelines range. *See United States v. McBride*, 633 F.3d 1229, 1232 (10th Cir. 2011). His 87-month prison term is especially reasonable because he bargained for it and because it is at the low end of the Guidelines range for a serious felony offense. The district court's concern for Mr. Addison's alcohol addiction and lack of employment history also supports the reasonableness of the supervised release term. Our review of the substantive reasonableness of Mr. Addison's sentence finds no abuse of discretion in light of the court's consideration of the § 3553(a) factors and its understanding of Mr. Addison's history.

Moreover, this court likely has no jurisdiction over Mr. Addison's appeal of the 87-month sentence. In *United States v. Calderon*, we stated:

> Under Federal Rule of Criminal Procedure 11(c)(1)(C), parties may, in structuring a guilty plea, "agree that a specific sentence or sentencing range is the appropriate disposition of the case, ... (such a recommendation or request binds the court once the court accepts the plea agreement)." Where a defendant agrees to and receives a specific sentence, he may appeal the sentence only if it was (1) imposed in violation of the law, (2) imposed as a result of an incorrect application of the Guidelines, or (3) is greater than the

-7-

sentence set forth in the plea agreement. *Otherwise, the Court lacks jurisdiction over the appeal*.

428 F.3d at 932 (emphasis added) (citations omitted).

Having concluded that Mr. Addison's 87-month sentence is reasonable, we see no basis for concluding that it was in violation of the law. The record also does not indicate that Mr. Addison's sentence was a result of an incorrect application of the Guidelines, and he received the 87-month term he agreed to in the plea agreement. We therefore lack jurisdiction over his appeal with respect to his 87-month prison sentence. *See id.* at 932-33; *United States v. Silva*, 413 F.3d 1283, 1284 (10th Cir. 2005); *see also United States v. Torres-Varela*, 229 F. Appx. 745, 749-50 (10th Cir. 2007) (unpublished)[1] (granting a motion to withdraw under *Anders* and dismissing an appeal after concluding that a 46-month sentence was reasonable and noting that the court lacks jurisdiction due to a Rule 11(c)(1)(C) plea agreement).

## III.  CONCLUSION

We dismiss the appeal and grant counsel's motion to withdraw.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

---

[1] Unpublished opinions lack precedential value but may be cited for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.