FILED
United States Court of Appeals
Tenth Circuit

May 12, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

AJAY JARIWALA,

     Defendant-Appellant.

No. 13-8076
(D.C. No. 2:12-CR-00216-NDF-2)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **ANDERSON** and **BRORBY**, Senior Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Defendant Ajay Jariwala pleaded guilty to one count of conspiracy to commit arson, in violation of 18 U.S.C. § 844(n), and was sentenced to a term of imprisonment of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

72 months. Jariwala timely appealed. Jariwala's appellate counsel has filed an <u>Anders</u> brief and a motion to withdraw as counsel. <u>See</u> <u>Anders v. California</u>, 386 U.S. 738, 744 (1967). Jariwala was provided with a copy of the <u>Anders</u> brief, and has, in response, filed a pro se supplemental brief. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we grant counsel's motion to withdraw and dismiss the appeal.

I

In January 2013, a federal grand jury indicted Jariwala and two codefendants for their roles in a scheme to set fire to a motel that Jariwala owned in Cheyenne, Wyoming, so that Jariwala could collect on the proceeds of an insurance policy covering the motel. On May 3, 2013, Jariwala and the government entered into a written plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C). Under the terms of that agreement, Jariwala agreed to plead guilty to a single count of conspiracy to commit arson, in violation of 18 U.S.C. § 844(n). With respect to sentencing, the parties agreed, pursuant to Rule 11(c)(1)(C), that "the United States w[ould] cap its argument at 72 months and [Jariwala] [would be] free to argue for a term no less than 60 months." App. at 118. In other words, the parties agreed, subject to the district court accepting their plea agreement, to a sentencing range of 60 to 72 months. <u>Id.</u> A change of plea hearing was held later that same day and the district court conditionally accepted Jariwala's plea.

The United States Probation Office prepared a presentence investigation report (PSR). The PSR assigned Jariwala a total offense level of 30 and a criminal history category of I, resulting in an advisory Guidelines imprisonment range of 97 to 121

months.  The PSR noted, however, that the parties' written plea agreement "call[ed] for a sentence of not less than 60 months, nor more than 72 months."  Id. at 137.  Imposing a sentence within this range, the PSR noted, "would involve a four-level downward variance to a Total Offense Level of 26, and a corresponding [G]uideline[s] range of 63 to 78 months imprisonment."  Id.  The PSR "recommend[ed] [that] the Court accept the conditions of the . . . Plea Agreement."  Id.

The district court held a sentencing hearing on September 9, 2013.  Consistent with the terms of the plea agreement, Jariwala's counsel asked the district court to impose a sentence of 60 months' imprisonment, and the government asked the district court to impose a sentence of 72 months' imprisonment.  Ultimately, the district court accepted the terms of the plea agreement and, taking into account the factors set forth in 18 U.S.C. § 3553(a), sentenced Jariwala to a term of imprisonment of 72 months, to be followed by a three-year term of supervised release.

Jariwala filed a timely notice of appeal.  Jariwala's appellate counsel has since filed an Anders brief and a motion to withdraw.  Jariwala has also filed a pro se supplemental brief.

II

Under Anders, defense counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous."  United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005).  In such a case, "counsel must submit a brief to the client and the appellate court indicating any

potential appealable issues based on the record." Id. The client is permitted to submit arguments to the court in response. We are then obligated to conduct independently "a full examination of all the proceeding[s] to decide whether the case is wholly frivolous." United States v. Snitz, 342 F.3d 1154, 1158 (10th Cir. 2003) (internal quotations omitted). "Frivolous means lacking a legal basis or legal merit; not serious; not reasonably purposeful." United States v. Lain, 640 F.3d 1134, 1137 (10th Cir. 2011) (brackets and internal quotation marks omitted).

After reviewing the record, we agree with counsel's assessment that on the record presented there are no meritorious issues for appeal. To begin with, the record firmly establishes that there was a factual basis for Jariwala's plea of guilty and that he entered that plea knowingly and voluntarily. As for Jariwala's sentence, the only possible error noted by either Jariwala or his counsel is that the 72-month term of imprisonment imposed by the district court was substantively unreasonable given the totality of the circumstances.[1] He specifically argues that his age (52) at the time of sentencing, his lack of criminal convictions, and the 60-month sentence received by the codefendant who started the fire, all should result in his receiving a shorter sentence than 72 months. It is

---

[1] Although the government argues that Jariwala waived his right to appeal a sentence within the range anticipated by the parties' plea agreement, there was, in fact, no waiver provision in the plea agreement. Further, the only case cited by the government in support of its waiver argument, United States v. Chavez-Marquez, 407 F. App'x 346 (10th Cir. 2011), is inapposite because the defendant in that case "agreed to a broad appeal waiver whereby he agreed to waive all appeals of his sentence within the guideline range and in conformity with the plea agreement." 407 F. App'x at 347. As noted, no such waiver provision was included in the plea agreement in this case.

undisputed, however, that the term of imprisonment imposed by the district court was substantially below the advisory Guidelines range and within the sentencing range agreed to by the parties in their written plea agreement. In light of these circumstances, we believe it is frivolous for Jariwala to assert that the 72-month sentence is substantively unreasonable. See generally United States v. Dunbar, 718 F.3d 1268, 1282 (10th Cir. 2013) (noting that a sentence can be deemed substantively unreasonable only if, taking into account the § 3553(a) factors, it "was an abuse of discretion because it was arbitrary, capricious, whimsical, or manifestly unreasonable.") (internal quotation marks omitted).

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.


Entered for the Court


Mary Beck Briscoe
Chief Judge