FILED
United States Court of Appeals
Tenth Circuit

April 7, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DILLON JAMES GOFF,

Defendant - Appellant.

No. 16-1400
(D.C. No. 1:15-CR-00413-PAB-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.

Dillon James Goff accepted a plea agreement and pleaded guilty to possession

of a firearm by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1);

possession with intent to distribute methamphetamine in violation of 21 U.S.C.

§ 841(a)(1) & (b)(1)(A); and possession of a firearm in furtherance of a drug

trafficking offense in violation of 18 U.S.C. § 924(c). He was sentenced to a total

term of 216 months' imprisonment, which is the sentence he agreed to in his plea

agreement. Although the plea agreement contained an appeal waiver, Mr. Goff

appealed. The government moves to dismiss the appeal for lack of jurisdiction and to

---

[*]     This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

Mr. Goff's counsel responded with a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating that he could identify no non-frivolous argument to oppose the government's motion. We gave Mr. Goff the opportunity to respond to his counsel's submission, *see id.*, but two separate mailings to him went unanswered.

"Federal Rule of Criminal Procedure 11(c)(1)(C) states that, in structuring a guilty plea, the parties may agree that a specific sentence or sentencing range is the appropriate disposition of the case." *United States v. Silva*, 413 F.3d 1283, 1284 (10th Cir. 2005) (internal quotation marks omitted). "[S]uch a recommendation or request binds the court once the court accepts the plea agreement." Fed. R. Crim. P. 11(c)(1)(C). We do not have jurisdiction to hear an appeal of a sentence imposed under Rule 11(c)(1)(C) unless the sentence was "(1) imposed in violation of law, (2) imposed as a result of an incorrect application of the guidelines, or (3) is greater than the sentence set forth in the plea agreement." *Silva*, 413 F.3d at 1284.

Mr. Goff's plea agreement plainly states that it is governed by Rule 11(c)(1)(C). Mr. Goff has not contested any of the *Hahn* factors or tried to argue one of the exceptions in *Silva*. Accordingly, the motion to dismiss is granted, the remaining motions are denied as moot, and we dismiss the appeal.

Entered for the Court
Per Curiam

2